HOSSLEY v. UNION INDEMNITY CO. OF NEW YORK.*

(Division B.    Jan. 26, 1925.)

[102 So. 561.   No. 24581.]

1. INSURANCE. *Insurer held not liable for injury proximately caused by automobile being driven by person under age specified in policy, though insured did not consent to such driving.*

Where a policy of indemnity insurance provides this policy does not cover any automobile vehicle being driven by any person in violation of law as to age, or if there be no age limit, under the age of sixteen years, the indemnity company is not liable for injuries resulting proximately by being driven by a person under sixteen years of age, regardless of whether the owner agreed for such person to drive the car or not, as the company did not assume the risk from such driving.

2. INSURANCE. *Insurer liable for injury to automobile sustained while driven by person under prohibited age if no causal connection between such driving and injury.*

In such case, if while the car is being so driven, it is injured without causal connection between the driving and the injury, the company is liable.   There must be causal connection between the driving of the car and the injury received.

*Headnotes 1. Motor Vehicles, p. 50 (1926 Anno.); 2. Motor Vehicles, p. 50 (1926 Anno.).

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Action by H. H. Hossley against the Union Indemnity Company of New York. From judgment for defendant, plaintiff appeals. Reversed and remanded.

*Henry, Canizaro & Henry,* for appellant.

The contention of the appellant is, First: That the policy being written by the company, it must be strongly construed against it and in favor of the assured. Second: In order that the company may be relieved from liability, there must be some causative connection between the accident and the fact that the car was being driven by a minor. Third: That while the provision in the policy must be construed as intended to protect the insurance company against any increase of risk, yet there must be some intention or knowledge shown on the part of the assured, such as a consent or knowingly permitting the car to be driven by a person in violation of the law as to age or as to age limit which is sixteen years. Fourth: The accident must be due to the fault of the driver or in other words the age of the driver must have been the proximate cause of the accident. Fifth: The burden is upon the company to allege and prove the facts which exempted it from liability. 25 Cyc. 739; 1 C. J. 414-5-6; *Stephens* v. *Accident Association,* 75 Miss. 84.

In order for the company to be relieved from liability there must be some causative connection between the accident and the fact that the car was being driven by a minor, and this point we urge. It is insisted by the Indemnity Company that whether the driver lacked two months, or two days or even two hours of being sixteen years old, the company, according to its policy, is not liable, notwithstanding the fact that the age of the driver was in no way connected with the accident, and that the accident and injury done to the car was in no

manner connected with the age of the boy using the car
nor from any fault, negligence, or want of experience
on the part of the driver. The sole question therefore
raised by our plea is, would appellant's car driven by
an adult, have been injured in like manner and effect
as it was when driven by a minor under the age of
sixteen years. Automobile policies are of recent origin
and from an examination of the authorities we find but
few cases decided on the exact point. Motor vehicles,
however, have recently become so numerous and of so
general use that there will, undoubtedly, be much liti-
gation on the identical question. We think that the same
reasoning may be applied to the construction of the
policies of motor vehicles indemnity as is given to
accident policies or life insurance policies. 1 C. J. 493,
sec. 267, (c); *National Benefit Association* v. *Bowman,*
110 Ind. 355, 11 N. E. 316; *Conboy* v. *Railroad Accident
Association,* 17 Ind. 62, 46 N. E. 363, 60 Am. St. Rep.
154.

The provision under which the appellee hopes to
escape liability was inserted in the policy because the
company felt that a young man who was prohibited by·
law of the state from driving a motor car was not a
competent driver and would necessarily increase the
risk of the company. And if there was no age limit as
in this state (under the law) then they would put an
arbitrary limit and make it under the age of sixteen
years. This provision contemplates that the other
contracting party, the insured, should not permit his
car to be driven by one who was prohibited under the
law or who was under the age of sixteen years. If the
car had been driven by permission on the part of Mr.
Hossley, Sr., then there might be some reason for such
argument in that he, Hossley, Sr., having violated and
breached this provision, would not be entitled to recover.
In this case, however, there was no permission given by
appellant, but to the contrary, the car was being driven
by his son without the father's knowledge or consent,

either expressed or implied, which facts are admitted by the demurrer. We think that it was the duty of the Indemnity Company to allege and prove that Mr. Hossley, Sr., the assured, permitted his minor son to use the car in order to put the assured in default.

There are many ways in which a motor vehicle can do or suffer accident damage. The pertinent question is, what caused the damage to the car? Had the driver been sixteen years old at the time of the accident, the Indemnity Company would be liable whether the accident was due to the driver's fault or other cause, or whether the driver was experienced or careful. *Equitable Life Assurance Society* v. *Patterson*, 41 Ga. 338, holds that: "Death resulting from an excessive dose of some drug or medicine even though known to be dangerous in character, but taken without intention of causing death is not death by his own hand or self destruction." *Ins. Company* v. *Guller*, 119 N. E. 173; *Teller* v. *M. W. A.*, 165 N. W. 584; *Jackson* v. *Ben. Asso.*, 140 Tenn. 495, 205 S. W. 318. The authorities on accident insurance are, also, illustrative of our contention, as 1 C. J., sec. 122. "Exposure Must be the Cause of Injury or Death. — In order to bring a case within an exception of the policy as to voluntary exposure to unnecessary danger it is of course necessary that the accident which caused the injury or the death of insured should have been the result of such exposure." *Interstate Life Assurance Co., Plaintiff in Error,* v. *Cora B. Dalton*, 23 L. R. A. (N. S.) 722. This writing is ambiguous. *Fireman's Insurance Co.* v. *Savery*, 143 N. E. 612.

Appellee's demurrer to the plea sets out two grounds. The first ground was not urged by appellee in the trial court. The second ground is that neither replications in any way modify or nullify or affect the legal rights of the appellee as contained and set out in paragraph styled "Condition A." But few cases, in so far as our examination discloses, have been decided by the courts of last resort on questions similar to the one at bar, but we are

giving this court the benefit of our examination. *Manheimer Brothers* v. *Kansas Casualty & Surety Co.* (1920), (Minn.) 180 N. W. 229; *Morrison* v. *Royal Indemnity Co.* (1917), 180 App. Div. 709, 167 N. Y. Supp. 731. The New York court in a later decision had under consideration the case of *Messersmith* v. *American Fidelity Co.*, 167 N. Y. Supp. 579, and held that the company was not liable. This case was, however, appealed to the appellate division of the supreme court of New York and reversed by that court. It will be further noted that in the above case the evidence showed that the automobile was operated by a minor under eighteen years of age with the consent and approval of the insured, and the injury was due to the driver's negligence, whereas, in the instant case we have a much stronger position in that the car was not operated by Harry, Jr., with the knowledge or consent of his father. *Messersmith* v. *American Fidelity Co.*, 175 N. Y. Supp. 169. We think this is a leading case on the subject. See, also, 2 Clement on Fire Insurance, p. 610. The Messersmith case finally reached the court of appeals, New York, and is reported in 232 N. Y. 161; 19 A. L. R. 876. The decision in the Messersmith case has been cited and followed by the New York court in the following cases, evidencing an endorsement of the correctness and soundness of Judge CARDOZA's holding: 200 N. Y. App. Div. 780; 194 Supp. 67; 201 N. Y. App. Div. 120; 193 Supp. 914; 204 N. Y. App. Div. 532; 198 Supp. 536; 205 N. Y. App. Div. 699; 199 Supp. 816. The case of *Brock* v. *Travelers Insurance Co.*, 88 Conn. 308, 91 Atl. 279, supports the holding of the New York court.

Appellant's replications properly raised a question of fact which should have been submitted to the jury.

*Brunini & Hirsch*, for appellee.

The question presented by this record is to our mind a simple one. It involves a single question which is

exceedingly narrow. It will be seen by the special plea of appellee the contract of insurance provides that there would be no liability on the part of the insurer in the event an accident should happen while the motor vehicle was being driven by one under sixteen years of age. Can it be questioned that the plaintiff did not have a right to agree to that condition? "Being a voluntary contract, the parties may make it on such terms, and incorporate such provisions and conditions as they see fit to adopt, and the contract as made measures their rights, provided of course the agreement does not violate any principle of the common law or any provision of the Constitution or Statute." 32 C. J. 1091; 32 C. J. 1117. The supreme court of Kentucky has passed upon the identical principle involved in the case at bar. *Fidelity and Casualty Co. of New York* v. *Palmer Hotel Co.*, 179 Ky. 523, 200 S. W. 923; 1918-C L. R. A. 808; *Standard Auto Ins. Ann's* v. *Neal*, 251 S. W. 966. In line with the foregoing is the Alabama decision of *Kilby Car & F. Co.* v. *Ga. Casualty Co.*, 96 So. 319. See, also, *Williams* v. *Nelson*, 117 N. E. 189.

Appellant contends "that the policy being written by the company, it must be strongly construed against it and in favor of the insured." Such is the law not only elsewhere but in Mississippi as well. You may, however, construe the provision relied upon by appellee as strongly against it as you can, and still there is no liability against appellee. The supreme court of Alabama in the case of *Kilby Car & F. Co.* v. *Georgia Casualty Company, supra,* well answers appellant: "The foregoing is in line with the recognized rule that policies of insurance must be construed more strongly against the insurer; still the words of the policy must be given the meaning which they ordinarily bear, and, where it is manifest, as it is in the instant contract, that the intention of the insurer and the insured was that liability should attach only in given circumstances, the law will uphold the contract according to its true intent and import. It is a common ex-

pression of insurance law that the policy is the measure of the rights of everybody under it."

As the second ground appellant contends that "in order that the company may be relieved from liability there must be some causative connection between the accident and the fact that the car was being driven by a minor." There is nothing in the language of the condition upon which such a contention can be based. There is absolutely no exception in the provision. The authorities submitted by appellant are not in point. For instance, appellant cites section 267, 1 C. J. 493, where the reference relied on was that the insured met his death while engaged in an unlawful act. No question of the violation of any law is involved here. Appellant has cited a number of paragraphs under section 876, 25 Cyc., which have absolutely no application to the facts in the case at bar. Quotation from the case of *Equitable Life Assurance Society* v. *Patterson,* 41 Ga. 338, is a correct statement of the law in cases in which the holding has application, but has no application to the facts made out by the pleadings in this record. Equally are we at a loss to understand what application can the principle announced in 1 C. J. 122, have to the case at bar. Other cases in reference to violation of criminal law are not in point. Appellant says, "This writing is ambiguous." The writing to which reference is made is, of course, the provision or condition in question. In quoting from *Fireman's Insurance Co.* v. *Savery,* 143 N. E. 612, appellant closes the quotation with this sentence: "With such knowledge it could have easily protected itself against such ambiguity by expressing its policy in such simple, plain language as that it would need no interpretation as to the meaning intended." That is exactly what appellee did in its policy contract and is exactly what appellant is complaining of. The trouble is that the provision is too simple and plain and appellant appreciates this because he has endeavored to ingraft upon it an entirely different meaning than the language employed. *Manheimer*

*Bros.* v. *Kansas Casualty & Surety Co.* (Minn.), 180 N. W. 229, is not at all applicable. *Morrison* v. *Royal Indemnity Co.,* 180 App. Div. 709, 167 N. Y. 731, not only does not bear out the contention of the appellant, but is absolute authority for appellee's position.

A search in the American Digest does not reveal that the court of appeals of New York reversed the appellate division of the supreme court. So the Morrison case supports appellee's position. Appellant quotes from page 143, Simpson on Indemnity Insurance, and which in turn is a quotation from *Williams* v. *Nelson,* 220 Mass. 191, 117 N. E. 189. That case is, also, favorable to appellee and not at all consoling to appellant because it is plainly evident that the Massachusetts court would have held that the insurer would not have been liable if the car at the time of the accident had been driven by one under sixteen years of age. Appellant quotes at length from the case of *Messersmith* v. *American Fidelity Co.,* in which the assured was denied the right of recovery, 167 N. Y. 579. The case, from appellant's brief, went to the Appellate Division, 175 N. Y. 169, and appellant quotes at length from the decision of the Appellate Division. Appellant states that this latter case reached the court of appeals of New York and that it is reported in 232 N. Y. 161. The complete answer to the Messersmith case is that there is no provision in the policy of insurance as in the case at bar. The insurance company undertook to relieve itself of liability in the Messersmith case by showing that the driver of the car in that case being under the age of eighteen was violating the law, and that, therefore, it was against public policy to permit a recovery. The court of appeals very rightfully held that the Fidelity company was liable. Appellant did not have to go to New York for authority on this point because our supreme court has likewise held in two cases which we quote from the Mississippi Digest. *Conithan* v. *Royal Ins. Co.,* 91 Miss. 386, 45 So. 361; *Aetna. Ins. Co.* v. *Heidelburg,* 112 Miss. 46, 72 So. 852; 1917-B

L. R. A. 253 n. The next case offered by appellant is that of *Brock* v. *Travelers Ins. Co.*, 88 Conn. 308, 91 Atl. 279. That case is not in point, but it shows the mind of the court to the effect that if the facts in that case were similar to the facts in the case at bar, that it would sustain the position of the appellee. That case went off on an entirely different angle. We, therefore, submit that there is not a single authority which sustains the position of appellant.

"Contracts of insurance, like other contracts, must be construed according to the intention of the parties, as manifested by the words used, taken according to their ordinary signification." *Miss. Mut. Insurance Co.* v. *Ingram*, 34 Miss. 215; *Cooperative Life Assn.* v. *Leflore*, 53 Miss. 1. "The language of an insurance policy where ambiguous, is to be construed most favorably for the assured." *Liverpool Ins. Co.* v. *Van Os*, 63 Miss. 431; *Shivers* v. *Farmer's Mutual Ins. Co.*, 55 So. 965. "A contract of insurance whose terms are plain and unambiguous must be construed like any other contract since it is only where the terms are ambiguous or doubtful that the doubt is to be resolved in favor of the insured and against the insurer." *American Life and Accident Ins. Co.* v. *Neidlinger*, 113 Miss. 74. "An insurance contract if perfectly plain and unambiguous should be construed as written." *Continental Casualty Co.* v. *Hall*, 118 Miss. 871. The contract in the case at bar is perfectly plain and unambiguous and its provisions and conditions must he enforced. The principles of law involved in the question in this case are not alone applicable to the contracts of insurance covering automobiles. We cite a few cases just at random. *Walker Dry Goods Co.* v. *Mass. Bonding & Insurance Co.*, 110 S. E. (W. Va.) 553; *Lynch* v. *Commercial Casualty Ins. Co.*, 108 Ann. Cas. 188 (N. J.); *Waterman Lumber Co.* v. *Beatty*, 204 S. W. (Tex.) 448; *American Candy Co.* v. *Ætna Life Ins. Co.*, 159 N. W. (Wis.) 917, 164 Wis. 266.

Appellee had a perfect right to say that it would not assume liability for any accident to the motor car of appellant while the car was being driven by one under sixteen years of age, and we, therefore, confidently ask that the decision of the lower court be affirmed.

*Henry, Canizaro & Henry,* in reply for appellant.

The surety company was not hurt by the fact that the minor had the car. The fact was only the remote cause and not the proximate or immediate cause of the damages. *Jordan* v. *Logia,* Sup. A. & H., 206 Pac. 162; 24 A. L. R. 976; 14 R. C. L., sec. 407, p. 1226. An illustration of our contention is given in the note, 60 Am. St. Rep. 160, dealing with the subject "known violation of law, or while engaged in an unlawful act." In the case of *Supreme Lodge, K. P.* v. *Beck,* 181 U. S. 49, 45 L. Ed. 741, 21 Sup. Ct. Rep. 532, the supreme court of the United States ruled that, to discharge the insurer "the death must, in some way, come as a consequence of the violation, or attempted violation of the criminal law; and the stipulation does not apply when it is simply contemporaneous and in no manner connected with the alleged violation or, attempt to violate."

It is our contention: (A) That whenever the facts disclose that the accident resulted from or as the proximate cause by the violation of the prohibited or exempting clause in the policy, then there will be no cause for construction of the policy by the court, for in that event, violation being shown, the injury resulted thereby, for all of which the insurer company is protected. Authorities here cited are found in briefs of both appellee and appellant. *Kilby Car Co.* v. *Ga. Casualty Co.* (Ala.), 96 So. 319; *Williams* v. *Nelson* (Mass.), 117 N. E. 189; *Morrison* v. *Royal Indemnity Co.,* 180 App. Div. 709, 167 N. Y. 731; *Lynch* v. *Commercial Cas. Co.* (N. J.), 108 Ann. Cas. 188; *Walker Dry Goods Co.* v. *Mass. Bonding & Ins. Co.* (W. Va.), 110 S. E. 553; *American Candy Co.* v.

*Ætna Life Ins. Co.* (Mass.), 159 N. W. 917; 1 C. J., sec. 100, p. 442. (B) Whenever the facts disclose that the accident (or death or damages) did not result from or was not the proximate cause of the violation of the prohibited, or exempting clause in the policy, then the insurer is not protected and the clause of the policy will be so construed. 25 Cyc. 876; 1 C. J., sec. 122, p. 450; *Mannheimer Bros.* v. *Kansas Casualty Co.,* 180 N. W. 229; *Rowe* v. *United Commercial Travelers,* 172 N. W. 454, 4 A. L. R. 1236; *Brooks* v. *Travelers Ins. Co.,* 88 Conn. 308, 91 Atl. 276, 6 A. L. R. 378; 14 R. C. L., sec. 407, p. 1226; *Jordan* v. *Logia,* Sup. H. & A., 206 Pac. 162; 24 A. L. R. 976; *Bloom* v. *Franklin Life Ins. Co.,* 60 Am. St. Rep. 160, 97 Ind. 478; *Supreme Lodge K. P.* v. *Beck,* 181 U. S. 49, 45 L. Ed. 741, 21 Sup. Ct. Rep. 532; *Baker* v. *Supreme Lodge,* 103 Miss. 374. (C) A recovery may be had unless the prohibiting or exempting clause in the policy is so specific in its provisions as to exclude recovery without regard to whether the accident (or death or damages), resulted from or was the proximate cause of a violation of the prohibited or exempting clause in the policy. *Fidelity Cas. Co. of N. Y.* v. *Palmer Hotel Co.,* 179 Ky. 523, 200 S. W. 923; 1918 L. R. A. 908. (D) When there is no provision in the policy exempting the insurer from liability, and the accident (or death or damages), resulted from (or was the proximate cause) of a violation of the state law, the insurer company is still liable, unless it is shown that the policy was taken in contemplation of the violation of the state law. *Fireman Fund Ins. Co.* v. *Haley,* 129 Miss. 525, 23 L. R. A. 1470.

Argued orally by *P. C. Canizaro,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was plaintiff below, and brought suit against the appellee for damages to an automobile, al-

leging that he held a policy numbered 39435 in the defendant company in which the plaintiff was insured against injury by collisions and accidents from other sources, together with assurance for indemnity for bodily injuries, liability for property damages to others, etc.

That on the 11th day of January, 1923, while this policy was in full force, and no premium due thereon, the automobile of the insured met with an accident, and was damaged to the extent of one thousand dollars; that under the provisions of said policy the plaintiff made demand on the defendant for the amount of this injury, with proper proof of loss, but the defendant refused to pay it, etc. A copy of the policy was made an exhibit to the declaration.

The defendant pleaded the general issue and a special plea. In the special plea it was alleged that the plaintiff ought not to recover because of paragraph styled "condition A" in the contract sued on, in which paragraph it is provided:

"This policy does not cover (1) any obligation assumed by or imposed upon the assured by any Workmen's Compensation Law or agreement or plan, or (2) while any automobile vehicle is being used for or in any race or speed test, or (3) being driven by any person in violation of law as to age, or if there be no age limit, under the age of sixteen years," etc.

The defendant further alleged that said injury to the motor car on January 11, 1923, was without the limits of the city of Vicksburg, and in Warren county, Miss., and that the said motor car was then and there being driven by H. H. Hossley, Jr., a minor son of the plaintiff, that said H. H. Hossley, Jr., was then and there under sixteen years of age, and that he was born on the 5th day of March, 1907. This the defendant is ready to verify.

To this special plea the plaintiff made two replications: First, that he ought not to be barred from having

or maintaining his action against the said defendant, because he saith that at the time of the said alleged injury to the said motor car, to-wit, on the 11th day of January, 1923, the fact that the said motor car was then and there being driven by Harry H. Hossley, Jr., had no causative connection with the accident, and, second, that on the 11th day of January, 1923, at the time the motor car was being driven by H. H. Hossley, Jr., (who lacked two months of being sixteen years of age), that the said motor car was not being used or driven by the said Harry H. Hossley, Jr., with the knowledge or consent, expressed or implied, of the plaintiff; but that the said Harry H. Hossley, Jr., was then and there a trespasser, and therefore not within the exception contemplated by paragraph styled ''condition A'' in the insurance policy.

Each of these replications was demurred to on the ground that neither of the said replications in any way modify or nullify or affect the legal obligations on the part of the plaintiff contained in said paragraph styled ''condition A'' of the insurance policy as set out in the special plea of the defendant. This demurrer was sustained by the court as to each plea, and the plaintiff declined to plead further, and judgment was entered for the defendant, from which he prosecutes this appeal.

In our view the paragraph in the insurance policy, ''condition A,'' excepted the defendant from liability for injuries resulting from the driving of the car by a person under sixteen years of age where the accident resulted directly or was contributed to proximately, by the fact that it was being driven by a person under sixteen years of age, and that the replication that the car was being driven without the consent of the assured presents no defense. The company did not assume to indemnify the plaintiff for injuries proximately resulting from the driving of such car by a driver under the age stated. It never assumed responsibility for accidents due to the fact proximately that the car so driven pro-

duced. It is perfectly permissible to make any contract of insurance not prohibited by law, and we can understand why an indemnity company would not be willing to assume the risk resulting from cars being driven by persons under sixteen years of age. 1 Corpus Juris, section 100, p. 442, and authorities there cited; *Walker Dry Goods Co.* v. *Massachusetts Bonding & Insurance Co.*, 90 W. Va. 122, 110 S. E. 553; *American Candy Co.* v. *Ætna Life Ins. Co.*, 164 Wis. 266, 159 N. W. 917; *Lynch* v. *Commercial Casualty Co.*, 93 N. J. Law, 425, 108 A. 188.

We are of the opinion, however, that the replication that there was no causal connection between the fact of the car being driven and the accident was not subject to demurrer. There must be some causal connection between the accident and the fact that the car was being driven by such person.

We understand there is some conflict in the authorities in other states, but our state, in *Baker* v. *Supreme Lodge Knights of Pythias*, 103 Miss. 374, 60 So. 333, Ann. Cas. 1915B, 547, had before it a policy which provided:

"If the death of the member . . . be caused or superinduced . . . in consequence of a duel, or at the hands of justice, or in violation or attempted violation of any criminal law, then the amount to be paid on this certificate shall be a sum only in proportion to the whole amount thereof as the member's matured life expectancy is to his entire expectancy at the date of this certificate; the expectation of life based upon the American Experience Table of Mortality to govern."

The facts there were that the deceased was killed under circumstances stated in the opinion, being armed with a concealed weapon and apparently being willing to enter into the fight. The court there held that the matter did not amount to a duel and that there was no causal connection between the carrying of a pistol and the death. See, also, *U. S. F. & G. Co.* v. *Hood*, 124 Miss. 548, 87 So. 115, 15 A. L. R. 605; 14 Ruling Case Law, p. 1226,

section 407; 1 Corpus Juris, p. 450, section 122; *Jordan v. Logia* Supt. H. & Am. 23 Ariz. 584, 206 P. 162, 24 A. L. R. 976; *Conboy* v. *Railway Officials' & Employes' Accident Association,* 17 Ind. App. 62, 46 N. E. 363, 60 Am. St. Rep. 154, and case note beginning at page 160 of 60 Am. St. Rep.; *Brock* v. *Travelers' Insurance Co.,* 88 Conn. 308, 91 A. 279; case note to 6 A. L. R. 378; *Townsend* v. *Commercial Travelers' Mutual Accident Association,* 231 N. Y. 148, 131 N. E. 871, 17 A. L. R. 1001.

The court below therefore erred in sustaining the demurrer to the first replication to the special plea, for which error the judgment must be reversed and the case remanded.

*Reversed and remanded.*