MARTIN *v.* MOTORS INSURANCE CORP.

Jan. 4, 1954

No. 38964     47 Adv. S. 42     68 So. 2d 869

*Barnett, Jones & Montgomery,* Jackson; *Paul G Swartzfager,* Laurel, for appellant.

*Ronald C. Brown, E. K. Collins,* Laurel, for appellee.

Holmes, J.

The appellee issued its policy of insurance to the appellant on December 13, 1947, whereby it agreed to insure the automobile of the appellant against loss by collision, fire, and theft for the term beginning December 13, 1947, and ending June 13, 1949. The policy was payable to the insured and Reliable Auto and Finance Company, the latter being the holder of a conditional sale contract, mortgage, or encumbrance on the automobile. The policy contained the following, among other, exclusions:

"This policy does not apply  *  *  *  (b) while the automobile is subject to any bailment, lease, conditional sale, mortgage or other encumbrance not specifically declared and described in the policy."

Within approximately nine months from the date of issuance of the policy, the encumbrance to the Reliable Auto and Finance Company was paid, and on December 15, 1948, the insured encumbered the automobile to Commercial National Bank and Trust Company of Laurel, Mississippi, for a loan of $1,400. No notice of the encumbrance was given to the appellee. This encumbrance was on the automobile on June 4, 1949, when the automobile was destroyed by fire. Demand was made on the appellee for payment of the loss and payment was refused. Appellant then sued the appellee on the policy in the County Court of the Second Judicial District of Jones County for $1,600, the alleged value of the automobile. The appellee answered, denying liability and specially pleading that the encumbrance of the automobile to the Commercial National Bank and Trust Company of Laurel, Mississippi, removed it from the coverage of the policy. The case was tried before the county judge without a jury, resulting in a judgment in favor of the appellant for $1,350. On appeal to the circuit court, the judgment of the county court was reversed and judgment rendered for the appellee, from which judgment this appeal is prosecuted.

The facts relative to the burning of the automobile are briefly as follows: Appellant was driving along a narrow highway when he met an approaching truck. He pulled to the right to permit the truck to pass. In undertaking to turn back into the highway, his steering gear locked and the car was caused to run off of the highway and down an embankment. Appellant was dazed by the impact, but was picked up by one Knight who took him to Knight's Store a short distance away. After lying down there for a while, Knight went back with him to the scene of the accident, where it was discovered that the automobile was on fire, resulting in its destruction.

It is admitted that the fire resulted from no fault on the part of the appellant and that the fire had no relation to the act of the appellant in encumbering the automobile to the Commercial National Bank and Trust Company.

The sole question here is whether the encumbrance to the Commercial National Bank and Trust Company is available to the appellee as a defense to the action. We think not. ▆▆ The purpose of the exclusion clause involved was to remove the risk of temptation to the insured to damage or destroy the car, and of carelessness and indifference to the safety and protection of the property. Such was the risk that it was the intention of the policy contract to exclude. The loss did not result from such risk. The act of the insured in encumbering the automobile bore no causal relation to its destruction by fire. It is manifest from the circumstances that the fire would have occurred even though the automobile had not been encumbered to the Commercial National Bank and Trust Company.

▆▆ We are accordingly of the opinion, under the facts disclosed by this record, that the loss sustained is not one within the exclusion clause of the policy, and this view is sustained by the prior decisions of this Court.

In the case of Hossley v. Union Indemnity Co. of New York, 137 Miss. 537, 102 So. 561, the plaintiff filed suit

on an insurance policy seeking a recovery for damages to an automobile, alleged to be within the coverage of the policy. The defendant pleaded the general issue and filed a special plea. In the special plea, it was averred that the automobile at the time of the injury was being operated by a minor under the age of sixteen years, and that the plaintiff ought not to recover because of the following clause in the insurance contract: "This policy does not cover  *  *  *  or (3) (while) being driven by any person in violation of law as to age, or if there be no age limit, under the age of sixteen years, etc."

The plaintiff filed two replications to this special plea. In the first replication, he averred that he ought not to be barred from recovery for the reason that the fact that the automobile at the time of the accident was being driven by one under the age of sixteen years had no causal connection with the accident. In the second replication, he averred that he ought not to be barred of recovery for the reason that the operation of the automobile at the time of the accident by the minor under sixteen years of age was not with his expressed or implied knowledge or consent. Each of these replications was demurred to and the demurrers were sustained. The plaintiff declined to plead further and judgment was entered for the defendant, from which judgment the plaintiff prosecuted an appeal to this Court. On a review of the case by this Court, it was held that the trial court was in error in sustaining the demurrer to the replication that there was no causal connection between the fact of the automobile being driven by one under the age of sixteen years and the accident. In passing upon the case, the Court said:

"In our view the paragraph in the insurance policy, 'condition A,' excepted the defendant from liability for injuries resulting from the driving of the car by a person under 16 years of age where the accident resulted directly, or was contributed to proximately, by the fact

that it was being driven by a person under 16 years of age, and that the replication that the car was being driven without the consent of the assured presents no defense. The company did not assume to indemnify the plaintiff for injuries proximately resulting from the driving of such car by a driver under the age stated. It never assumed responsibility for accidents due to the fact proximately that the car so driven produced. * * * We are of the opinion, however, that the replication that there was no causal connection between the fact of the car being driven and the accident was not subject to demurrer. There must be some causal connection between the accident and the fact that the car was being driven by such person.''

In the case of Adams, et al. v. Maryland Casualty Company, 162 Miss. 237, 139 So. 453, this Court, while distinguishing the case then under review from the case of Hossley v. Union Indemnity Company, supra, expressly reaffirmed the holding in the case of Hossley v. Union Indemnity Company, supra, saying: ''The appellant cites and relies upon the case of Hossley v. Union Indemnity Company, 137 Miss. 537, 102 So. 561, but we do not think that case is applicable here. On the facts of that case, we think it is perfectly sound. There the injury was not occasioned by the operation of a car by the plaintiff, but was occasioned by the negligence of the opposite party doing an affirmative negligent act.'' We find no difference in principle between the case of Hossley v. Union Indemnity Company, supra, and the case at bar and we are of the opinion that the case of Hossley v. Union Indemnity Company, supra, as approved by the case of Adams, et al. v. Maryland Casualty Company, supra, is decisive of the question here involved.

The question here presented does not arise under the facts of the cases of Lester, et al. v. Mississippi Home Insurance Company, 19 So. 99, and Home Insurance Company of New York v. Northington, 198 Miss. 650, 23

480

So. 2d 537, cited by the learned circuit judge in his opinion, and hence these cases are not applicable to the case at bar. It follows from what has been said that the court below was in error in reversing the judgment of the county court and rendering judgment for Motors Insurance Corporation, the appellee here.

■■■ Since the lower court should have rendered a judgment affirming the judgment of the county court, such must be the judgment here under Sec. 1962 of the Miss. Code of 1942, which provides that the Supreme Court, when reversing a lower court, shall "render such judgment, sentence, or decree as the court below should have rendered." Ellis v. S. Pellegrini, Inc., 163 Miss. 385, 141 So. 273. Accordingly the judgment of the circuit court is reversed and judgment rendered here for the appellant, which is in effect an affirmance of the judgment of the county court.

■■■ The judgment of this Court being in effect an affirmance of the judgment of the county court, the mandate will be issued direct to that court. Sec. 1616, Code of 1942.

Reversed and judgment here for appellant.

*Roberds, P. J.,* and *Lee, Kyle* and *Ethridge, JJ.,* concur.