# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00207-COA

**DESIGNER CUSTOM HOMES, LLC**                                              **APPELLANT**

**v.**

**U.S. COATING SPECIALTIES & SUPPLIES,**                                    **APPELLEE**
**LLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/27/2023 |
| TRIAL JUDGE: | HON. DAVID ANTHONY CHANDLER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | PATRICK VANCE DALY |
| ATTORNEY FOR APPELLEE: | BRYANT DONLEVY GUY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 06/04/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND SMITH, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.    U.S. Coating Specialties & Supplies LLC (USCSS) refused to pay money owed to Designer Custom Homes LLC (DCH) under a contract, so DCH sued USCSS in county court.  The county court granted DCH's summary judgment motion and entered a judgment for DCH in the amount of $121,480.92, including prejudgment interest, penalties, costs, and attorney's fees.  USCSS appealed to circuit court, arguing that the county court erred by granting summary judgment "when [USCSS] had not been permitted to conduct discovery."  The circuit court reversed, though not on the ground raised by USCSS.  Rather, the circuit court reversed based on a perceived issue of fact that the court raised sua sponte.

¶2.    The circuit court erred by reversing based on an issue and argument that USCSS did

not raise in the county court or on appeal. The circuit court also erred because there is no genuine issue of material fact. Therefore, we reverse the decision of the circuit court and render judgment affirming the county court's judgment in favor of DCH.[1]

## FACTS AND PROCEDURAL HISTORY

¶3. USCSS subcontracted with DCH to install drywall at the Continental Tire plant in Clinton. During the performance of the subcontract, DCH submitted seven invoices to USCSS. USCSS paid the first four invoices but refused to pay the last three invoices, which totaled $69,114.18. In October 2019, DCH sued USCSS in the County Court of Hinds County for breach of contract and quantum meruit. DCH's complaint sought the balance due on the invoices plus interest, penalties, and attorney's fees.

¶4. USCSS failed to timely answer the complaint, and DCH obtained a clerk's entry of default. DCH then moved the court for a default judgment against USCSS, requesting a judgment for $110,393.51, inclusive of the debt owed to DCH, prejudgment interest, penalties, costs, and attorney's fees. In response, USCSS filed an out-of-time answer without leave of court and denied liability.

¶5. Three months later, DCH filed a motion for summary judgment. In support of its

---

[1] When we, in effect, render an affirmance of the county court's judgment, "the mandate may go directly to the county court." Miss. Code Ann. § 11-51-79 (Rev. 2019) ("When the result of an appeal . . . shall be a reversal of the lower court and in all material particulars in effect an affirmance of the judgment or decree of the county court, the mandate may go directly to the county court . . . ."); *see Martin v. Motors Ins. Corp.*, 219 Miss. 473, 480, 68 So. 2d 869, 872 (1954) ("[T]he judgment of the circuit court is reversed and judgment rendered here for the appellant, which is in effect an affirmance of the judgment of the county court. The judgment of this Court being in effect an affirmance of the judgment of the county court, the mandate will be issued direct to that court.").

motion, DCH itemized the following undisputed, material facts: (1) "DCH and [USCSS] entered into a Service Contract where DCH was to perform sheetrock work"; (2) "DCH properly and appropriately performed certain sheetrock and other related work . . . and submitted invoices accordingly, . . . but [USCSS] . . . failed and refused to pay the remaining three . . . invoices for the work performed . . . in the total principal amount of $69,114.18"; and (3) USCSS owed costs, interest, and penalties in addition to the amount due under the parties' contract. The contract, unpaid invoices, an account statement, a prior demand letter, and a calculation of damages were filed as exhibits to the motion.

¶6.     In support of the motion, DCH also attached an affidavit from Christine Bridges, a member of DCH "familiar with the [USCSS] account." Bridges stated under oath "that the facts stated in" specified paragraphs of DCH's summary judgment motion were "true and correct" and that the other exhibits to the motion were "true and correct copies" of the relevant documents.

¶7.     USCSS filed a response asserting that DCH "was overpaid on invoices 1-4," that DCH's "work . . . was not accepted by the owner," and that DCH "was released from the job site for unsatisfactory dry wall finishing." However, USCSS submitted no affidavits or any other competent evidence in support of its response. Rather, the only exhibit to the response was a one-page, unsigned, unsworn document that included the style of the case and some unsupported calculations that purported to show that DCH was overpaid for the work it satisfactorily performed. Nothing in the record shows who created the document.

¶8.     The county court held a combined hearing on DCH's motions for a default judgment

3

and summary judgment. Following the hearing, the court granted summary judgment in favor of DCH because there were "no genuine issues of material fact," and DCH was "entitled to judgment as a matter of law." The court entered a judgment in favor of DCH for $121,480.92, including prejudgment interest, penalties, costs, and attorney's fees.

¶9. USCSS filed a notice of appeal to the circuit court. The clerk filed the record on appeal in October 2020, but USCSS took no action on the appeal for nearly two years. In August 2022, DCH moved to dismiss the appeal for want of prosecution, but the circuit court denied the motion to dismiss. In its brief on appeal to the circuit court, USCSS argued: "**The county court erred in finding no genuine issues of material fact existed, and thereby granting the appellee's motion for summary judgment,** *when the appellant had not been permitted to conduct discovery.*" (Italics added). USCSS's four-page appellate brief did not identify any specific facts actually in dispute or any competent evidence that raised a genuine issue of material fact. Rather, USCSS cited caselaw holding that it is error to grant summary judgment without giving the non-movant a sufficient opportunity to conduct discovery.

¶10. In its brief in the circuit court, DCH argued that USCSS's argument failed for three reasons: (1) USCSS waived the issue by failing to raise it in the county court,[2] (2) USCSS never pursued discovery while the case was pending in the county court, and (3) USCSS failed to submit any affidavits or other competent evidence in response to DCH's motion for summary judgment.

---

[2] DCH was correct on this point. USCSS's response in opposition to DCH's motion for summary judgment did *not* argue that the motion should be denied because discovery was needed. Indeed, the word "discovery" does not appear in the county court record.

4

¶11.    The circuit court held oral argument in the appeal.  Counsel for USCSS again argued that the county court erred by granting summary judgment without allowing discovery, and counsel for DCH responded that USCSS's argument failed for the three reasons discussed in DCH's brief.  But during DCH's argument, the circuit judge raised a wholly different issue, stating that there was "some doubt in [his] mind pertaining to the accuracy of one exhibit" to DCH's summary judgment motion.  Specifically, the judge noted that one invoice included a charge for 41 hours of labor by three workers at a rate of $20 per hour for a total of $2,460, but the following highlighted notation appeared next to the charge: "this should be 41 hrs @ $20.00 hr, the work order was for only one worker."  The judge asked DCH's attorney to explain the notation, and counsel acknowledged that he could not explain it.  But counsel also noted, "[T]hey [(i.e., USCSS)] haven't even argued that on appeal."

¶12.    Following oral argument, the circuit court issued an opinion reversing the grant of summary judgment.  The judge discussed USCSS's actual argument on appeal—that the county court erred by granting summary judgment without permitting discovery—as well as DCH's response.  But the judge then stated,

> The lack of a plausible explanation pertaining to the highlighted statement on the exhibit remains.  When asked about the statement at the hearing before this Court, the lawyer for DCH stated that [USCSS] failed to dispute it, so it could not serve as a basis for a genuine dispute of a material fact.  With no clear explanation of the highlighted statement, doubt as to whether summary judgment is proper lingers.  When there is doubt, the standard is to err on the side of denying the motion for summary judgment.

(Paragraph break omitted).  DCH filed a notice of appeal, and the Supreme Court assigned the appeal to this Court.

**ANALYSIS**

¶13. On appeal, DCH argues that the circuit court erred by raising an issue and argument sua sponte that USCSS did not raise in the county court or on appeal to the circuit court. DCH also argues that there was no genuine issue of material fact to preclude summary judgment.[3]

¶14. On the first point, we agree with DCH. "It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal." *Adams v. Bd. of Supervisors of Union Cnty.*, 177 Miss. 403, 170 So. 684, 685 (1936); *see also, e.g.*, *Kimball Glassco Residential Ctr. Inc. v. Shanks*, 64 So. 3d 941, 948 (¶22) (Miss. 2011) ("[I]ssues not raised in the trial court are barred from consideration at the appellate level."). "A trial judge cannot be put in error on a matter which was never presented to him for decision." *Methodist Hosps. of Memphis v. Guardianship of Marsh*, 518 So. 2d 1227, 1228 (Miss. 1988). In the county court, USCSS failed to present an affidavit or any other evidence to contest any specific charges in the invoices relied on by DCH. Rather, USCSS simply made a broad

---

[3] USCSS's brief is a ship passing in the night. It fails to discuss either the basis of the circuit court's ruling or DCH's arguments. Rather, with some minor changes, USCSS simply recycles the four-page brief it filed in the circuit court, arguing that the county court erred by granting summary judgment "when [USCSS] had not been permitted to conduct discovery." (Emphasis omitted). This argument is without merit because, as noted above (*see supra* note 2), USCSS failed to raise the issue in the county court. Moreover, a party opposing summary judgment based on an alleged need for discovery "must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Rainer v. River Oaks Hosp. LLC*, 282 So. 3d 751, 757 (¶20) (Miss. Ct. App. 2019) (quoting *Scales v. Lackey Mem'l Hosp.*, 988 So. 2d 426, 434 (¶19) (Miss. Ct. App. 2008)). USCSS failed to raise this issue in the county court and has never made such a showing.

6

argument—again, unsupported by any affidavit or any other evidence—that DCH had been overpaid and performed unsatisfactory work. Therefore, the circuit court erred by raising a new issue—the significance of a notation regarding one line item on one invoice—for the first time on appeal. The circuit court also erred by raising the issue sua sponte because, as discussed above, USCSS did not even raise or brief the issue *on appeal*. As our Supreme Court has explained, an appellate court will not "address an issue that has not been briefed on appeal" because the court "will not act as an advocate for one party to an appeal." *Rosenfelt v. Miss. Dev. Auth.*, 262 So. 3d 511, 519 (¶27) (Miss. 2018). The circuit court's error in raising this issue sua sponte is, by itself, a sufficient reason to reverse the decision of the circuit court and reinstate the judgment of the county court.

¶15. We also conclude that the circuit court erred by finding that there is a genuine issue of material fact. We review an order granting summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 409 (¶16) (Miss. 2018). Summary judgment "shall" be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). The moving party bears the burden to persuade that there is no genuine issue of material fact. *Maness*, 250 So. 3d at 409 (¶17). The moving party "also bears the burden of production at summary judgment" if it "would bear the burden of proof" at trial. *Id.*

¶16. In responding to a motion for summary judgment, the non-moving party "may not rest

upon the mere allegations or denials of [its] pleadings, but [its] response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). The nonmoving party must therefore come forward with "significant probative evidence showing that there are indeed genuine issues for trial." *Price v. Purdue Pharma Co.*, 920 So. 2d 479, 485 (¶16) (Miss. 2006) (quoting *McMichael v. Nu-Way Steel & Supply Inc.*, 563 So. 2d 1371, 1375 (Miss. 1990)). "Such things as admissions in pleadings, answers to interrogatories, depositions, and affidavits can all be presented to the trial court to prove or disprove a genuine issue of material fact." *Dew v. Tchula Grain Co.*, 812 So. 2d 1014, 1017 (¶7) (Miss. Ct. App. 2001). But a "genuine" issue of fact exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmovant." *Brown Lakeland Props. v. Renasant Bank*, 243 So. 3d 784, 790 (¶17) (Miss. Ct. App. 2018) (quoting *Frazier v. McDonald's Rests. of Miss. Inc.*, 102 So. 3d 341, 345 (¶21) (Miss. Ct. App. 2012)).

¶17. "A breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken, or breached it." *Maness*, 250 So. 3d at 414 (¶43). To meet its burdens of production and persuasion, DCH submitted copies of the parties' contract, DCH's unpaid invoices, and an account statement, along with an affidavit from Bridges to authenticate the documents. Bridges's affidavit also attested to the critical facts underlying DCH's complaint and motion for summary judgment. Bridges verified that "pursuant to [the parties' contract], DCH properly and appropriately performed certain sheetrock and other related work . . . and submitted invoices accordingly." Bridges

also verified that USCSS "paid the first four invoices submitted, but . . . failed and refused to pay the remaining three (3) invoices for the work performed . . . in the total principal amount of $69,114.18."

¶18. In its response to the summary judgment motion, USCSS "denie[d]" the motion's factual assertions and "assert[ed] that [DCH had been] overpaid" and that its "work was not accepted by the owner." However, USCSS submitted no *evidence* to support any of its denials or assertions. Rule 56 makes clear that the non-moving party "may not rest upon the mere allegations or denials of [its] pleadings, but [its] response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). Yet that is exactly what USCSS did in this case. USCSS submitted only one document that an unidentified person apparently created during this litigation. The document purports to show calculations related to amounts paid and owed (or not owed) under the parties' contract, but the document is not signed, sworn, or explained. In short, the document is nothing more than a piece of paper summarizing USCSS's mere allegations and denials. Such a document is "not competent [evidence] to oppose summary judgment." *Handy v. Madison Cnty. Nursing Home*, 192 So. 3d 1005, 1010 (¶16) (Miss. 2016); *see also Hickerson v. State*, 336 So. 3d 1134, 1142 (¶20) (Miss. Ct. App. 2022) (an unsworn "affidavit" has "no legal effect"). "Materials such as depositions, answers to interrogatories, and affidavits must be sworn, made upon personal knowledge, and show that the party giving them is competent to testify." *Handy*, 192 So. 3d at 1010 (¶16) (quotation marks omitted). Because USCSS rested merely upon its own allegations and denials, and because USCSS

9

submitted no evidence to contradict the showing made in DCH's motion, the county court properly granted DCH's motion for summary judgment.

¶19. As described above, the circuit court, sitting as an appellate court, sua sponte queried whether a notation next to a single line item on one invoice raised a genuine issue of material fact. But there is nothing in the record to explain that notation, and there is no evidence in the record that USCSS disputed that particular charge. Moreover, Bridges's affidavit affirms that USCSS owed DCH the total amounts billed on the invoices to USCSS and shown on USCSS's account statements. USCSS submitted no *evidence* to contradict Bridges's affidavit. Accordingly, there was simply no "significant probative evidence showing that there are indeed genuine issues for trial." *Price*, 920 So. 2d at 485 (¶16). Therefore, the county court properly granted DCH's motion for summary judgment.

## CONCLUSION

¶20. The circuit court erred by reversing based on an issue and argument that were neither raised in the county court nor briefed on appeal. The circuit court also erred by finding that the record evidence presented a genuine issue of material fact. Therefore, we reverse the decision of the circuit court and render judgment affirming the county court's judgment in favor of DCH. *See supra* note 1.

¶21. **REVERSED AND RENDERED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**