GREER *et al. v.* PIERCE.

(Division A. March 20, 1933. Suggestion of Error Overruled May 1, 1933.)

[147 So. 303. No. 30336.]

**Dunn & Snow,** of Meridian, for appellants, Mrs. Sylvia Greer, and Mrs. Marjorie P. Griffin.

Chas. M. Wright and Russell Wright, both of Meridian, for appellant, John Toney.

Reily & Parker, of Meridian, for appellee.

Argued orally by **E. L. Snow** and **Russell Wright,** for appellants, and by **Marion W. Reily,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

This is an action for damages for personal injuries received as a result of a collision between two cars at an intersection of a street and avenue in the city of Meridian, Mississippi. There was a substantial verdict for the appellee, and separate appeals by the appellants are prosecuted here.

Mrs. Easterling conducted a real estate agency in Meridian. Miss Pierce, the appellee, was employed by her, and her duties, in part, were to show customers houses for rent or sale. On the afternoon of the day of the accident, John Toney, one of the appellants, was in Mrs. Easterling's office on business of his own. Mrs. Easterling requested Miss Pierce to show two ladies, prospective customers, some houses, and asked Toney to drive her automobile on the tour of inspection. Miss Pierce, with the customers, got into the car and directed Toney to different points in the city to which they were to travel. She was on the back seat of the car, with the customers, while Toney was driving. At a point some distance from the scene of the accident, Toney was driving rapidly, and, upon Miss Pierce's calling his attention to a certain officer of the city, it appears that he reduced his speed. Miss Pierce, in conversation with the customers regarding the business in which she was engaged, did not observe anything unusual in the operation of the car until its entrance into the intersection of Sixteenth street and Twenty-Sixth avenue, when she realized that a collision was impending and braced herself for it; and, as a result of which, she was seriously injured internally.

Toney was driving south on Twenty-Sixth avenue, although he says he looked in different directions as he entered the intersection of the streets, the other car was not seen by him until they were "right together." He denied driving at an unusual rate of speed, and said at the

time he crossed the intersection he did not see the other car, and that the other car was being driven at a very rapid rate of speed. The trend of all his testimony was to place the entire blame upon the driver of the other car.

Mrs. Griffin, one of the appellants, accompanied by others, was driving a car belonging to Mrs. Greer, another appellant, on a mission for the owner thereof, west on Sixteenth street. She testified that she was using due care, and that, when she approached the intersection line of the two streets, she saw the car of Toney one hundred sixty-five feet from the intersection line of the two streets, and proceeded, with caution to cross the street, but did not see Toney's car as it entered the intersection until a collision was impending, and then she attempted to swerve her car away from the other car. The physical facts show that the car driven by Mrs. Griffin was struck between the two fenders and knocked some distance into the curb at the southwest corner of Twenty-Sixth avenue. Her evidence tended to show that all the negligence was due to the rapid driving and want of care of Toney, the driver of the other car. There were witnesses whose evidence tended to sustain each of the parties. More witnesses testified that Mrs. Griffin was without blame than testified in behalf of Toney.

The evidence was conflicting, and our general observation is that there were inconsistencies in both theories of the evidence.

1. It is the contention of the appellants Mrs. Greer and Mrs. Griffin that the trial judge should have sustained their motion to set aside the verdict and judgment and to grant a new trial on the theory that the evidence supporting the verdict is against the weight thereof, and that the overwhelming weight of the convincing evidence is in their (the appellants') favor, citing, among others, the cases of Mobile & Ohio Railroad Co. v. Johnson (Miss.), 141 So. 581, Columbus & Greenville R. R. Co.

v. Buford, 150 Miss. 832, 116 So. 817, and Mobile & Ohio R. R. Co. v. Bennett, 127 Miss. 413, 90 So. 113. In all of these cases, and others, the court held that the verdict and judgment was against the overwhelming weight of evidence, and that the several cases should be reversed and remanded for a new trial.

The facts of this case were in sharp conflict, and an analysis of them would not be profitable to the bench or the bar. More witnesses testified in behalf of these appellants, but the jury adopted the theory that the drivers of the two cars colliding were negligent in their manner of driving upon this intersection of two streets. It was purely a question of the veracity of witnesses, together with the physical fact of the indentations on the car driven by Mrs. Griffin, and its location after the collision, all of which made the case peculiarly one for the jury to determine the facts. In passing, we will say that it is a peculiar coincidence that neither of the drivers of the two cars saw the other until the accident was unavoidable.

2. Complaint is made of the instructions by Mrs. Greer and Mrs. Griffin, as one set of appellants, and Toney, as the other. We deem it unnecessary here to take it up in detail. Suffice it to say that the issue was fairly submitted to the jury on instructions fully setting out the theories of law and fact to the jury; and, when the instructions are taken as a whole, while subject to some criticism, we cannot say that the jury were, or should have been, influenced by the technical criticism of the instructions granted the appellee in the court below. The jury, in our opinion, were not misled, but were fully advised by the instructions for the appellants as to the issue joined in the case. We will not interfere with the verdict of the jury so far as the appellants Mr. Greer and Mrs. Griffin are concerned.

As to the appellant Toney, it insisted that, on these

facts, being a mere accommodation driver for Mrs. Easterling, who is not a party to this litigation, he should not be held liable to Miss Pierce, for the reason that they were on a joint adventure, and that the negligence of the driver Toney is imputed to the appellee, Miss Pierce. It is true that Toney was acting as chauffeur or driver for Mrs. Easterling as a matter of accommodation, but the fact that he assumed to become her chauffeur cannot, under any well-recognized doctrine of law, absolve him from his negligence as the driver of the car. The jury has determined that he was negligent, that Mrs. Griffin was negligent, and that the negligence of the two concurred proximately in causing the injury to Miss Pierce.

We are of the opinion that the state of facts reveals that there was no joint adventure. Toney's assumed duty was to drive the car according to the law governing the operation of automobiles, whether he was a paid or volunteer driver, to drive the car in a reasonable and safe manner with regard to the situation and intersection of the two streets. The duty of Miss Pierce was to promote the sale or rent of houses. At the time of the accident, each was engaged in the performance of their respective duties. They were fellow servants, and, as such, and for that reason, Toney's master might not be held liable. Beale & Strayhorn v. Clayborn, 152 Miss. 681, 120 So. 812. There is nothing in any rule of law which acquits one fellow servant of liability to another fellow servant when the accident in question was primarily and proximately caused by the negligence of such fellow servants. One fellow servant is liable to another fellow servant for his negligence proximately causing the injury of the latter. It is a common-law obligation co-existent with the law of negligence. "The general rule is well settled that a servant may render himself liable for injuries negligently inflicted by him upon a fellow servant in the transaction of the master's business. This rule does not rest

upon any duty imposed by privity of contract, but depends upon the common-law obligation of the servant so to conduct himself as not to cause injury to another.'' 39 C. J., section 1513, p. 1312.

The jury determined that Toney was negligent; he cannot shield himself from the result of his own negligence behind his master from the proximate results of his own wrong. The rights of a third party are not here involved. As we view the record, there was no joint adventure or enterprise in the eyes of the law. There was interdependence; but no such relation as made them joint adventurers.

As to imputing the negligence of the driver, Toney, to Miss Pierce, we have only to say that there is no logical reason assigned for applying said doctrine under all the facts of this case. Miss Pierce was engaged in her duties, as was Toney his according to the verdict of the jury in a negligent manner. There is nothing to show that any duty was imposed on Miss Pierce at and before the happening of this collision, or that she was or ought to have been conscious of any danger until too late for her to take any action.

Certain evidence as to the relation existing between Toney and Miss Pierce was not permitted by the court upon objection by the appellee. The questions were leading and called for a conclusion of the witness, and the objections were properly sustained. However, we do not know, and the record does not disclose, what the answers of the witness Toney would have been to the questions propounded, which he was not permitted to answer; and there is no error, we think, in this respect. There are other errors assigned which are without merit. On the whole, we think the issue was properly submitted to a jury, and, there being a sharp conflict in the evidence, we are not warranted in disturbing the verdict. We find no reversible error herein.

Affirmed.