CONTINENTAL CASUALTY Co. *et al. v.* PIERCE.

(Division B. April 16, 1934.)

[154 So. 279. No. 31187.]

68

**Chas. M. & Russell Wright,** of Meridian, for appellant, Continental Casualty Company.

70

Dunn & Snow, of Meridian, for appellant, Employers'
Liability Assurance Corporation.

Reily, Parker & Lobrano, of Meridian, for appellee.

72

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action in the circuit court of Lauderdale county against appellants, Continental Casualty Company and Employers' Liability Assurance Corporation, on two automobile liability insurance policies, one issued by the Continental Casualty Company to Mrs. Easterling, and the other issued by the Employers' Liability Company to Mrs. Greer, to recover the sum of seven thousand five hundred dollars, the amount of a judgment theretofore recovered by appellee against John Toney, the driver of the Easterling automobile, and Mrs. Griffin, the driver of the Greer automobile, and Mrs. Greer, the owner thereof. The judgment was for damages for injury suffered by appellee as the result of the joint tort of the defendants in that action. The trial of this case resulted in a judgment against appellants on

their insurance policies in the sum of seven thousand five hundred dollars, with interest and costs, from which judgment appellants prosecute this appeal.

A history of the litigation up to the time of the present action will be found in Greer et al. v. Pierce, 167 Miss. 65, 147 So. 303. The judgment sued on in this case was affirmed in that decision. Appellee was injured as the result of a collision between two automobiles in the intersection of a street and avenue in the city of Meridian. One of the automobiles was owned by Mrs. Greer and driven by her employee, Mrs. Griffin; the other automobile was owned by Mrs. Easterling and driven by John Toney, accompanied by appellee. Mrs. Easterling was engaged in the real estate business in the city of Meridian and appellee was one of her employees in and about that business; her duties were to show customers of Mrs. Easterling houses for rent or sale. On the day of the injury John Toney was in Mrs. Easterling's office; he was not a regular employee of hers. Mrs. Easterling directed appellee to show two ladies, prospective purchasers, some houses, and asked Toney to drive her automobile on the round of inspection. Appellee, with the customers, got in the automobile and directed Toney to different points in the city to which they were to travel. Appellee was on the back seat of the automobile with the customers. Toney was driving. Through the joint negligence of the drivers of the two automobiles there was a collision, resulting in the injuries for which appellee sued and recovered judgment, as stated, in the sum of seven thousand five hundred dollars against Toney, the driver of the Easterling automobile, and Mrs. Greer, the owner of the other automobile, and Mrs. Griffin, the driver thereof.

The attorneys for the Continental company appeared and defended that suit for Toney, but under an agreement with appellee's attorneys that such appearance and representation should not constitute in any sense an acknowledgment of its liability. On this appeal the Em-

ployers' Liability company, with whom Mrs. Greer was insured, filed an assignment of errors but neither argued the case orally, nor filed a brief.

The only question common to both appellants is whether they could be sued jointly. They contend that there was a misjoinder upon the ground that the suit was upon two separate contracts, namely, the Easterling policy issued by the Continental company, and the Greer policy, issued by the Employers' Liability company. We do not think there is any merit in that contention. Appellee was injured through the joint tort of Mrs. Greer and the driver of her automobile, and John Toney, the driver of Mrs. Easterling's automobile, and under the law they were all both jointly and severally liable therefor. Nelson v. I. C. R. R. Co., 98 Miss. 295, 53 So. 619, 31 L. R. A. (N. S.) 689; Oliver v. Miles, 144 Miss. 852, 110 So. 666, 50 A. L. R. 357; Westerfield v. Shell Petroleum Corporation et al., 161 Miss. 833, 138 So. 561. If appellee was protected by both the Continental policy and the Employers' Liability policy, such protection was likewise both joint and several. The liability on each policy was for the entire damage resulting from the injury. In other words, the liability on the policies was coextensive with the liability of the joint tort-feasors, Mrs. Greer and John Toney.

So far as the appeal of the Employers' Liability company is concerned, it is apparent at once that it is without merit. Its policy, in plain terms, insured Mrs. Greer against liability for the injury to appellee from the negligegnt operation of her automobile by her servant, Mrs. Griffin.

Whether the policy issued by the Continental company to Mrs. Easterling insured John Toney against his liability to appellee is a very different question, and is not easily solved. Appellee did not seek to hold Mrs. Easterling liable for her injury, because she knew that she was not liable under the fellow-servant rule. At the time of

the injury, both John Toney, the driver of the Easterling automobile, and the appellee, who was accompanying him, were servants of Mrs. Easterling and were jointly engaged about their employer's business; they were therefore fellow servants, and Mrs. Easterling was not liable for the negligent act of Toney resulting in the injury to his fellow servant, appellee. However, Toney was liable to appellee, as was held in the case of Greer v. Pierce, supra. The solution of this question turns upon the proper construction of two provisions of the policy, Clause A, which appears first, and a clause entitled "Additional Assureds," which appears later in the policy; there being several intervening clauses.

Clause A is in this language: "Hereby agrees to insure the assured named in the Schedule Against Loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered, or alleged to have been suffered, within the policy period by any person or persons, by reason of the ownership, maintenance or use (including loading or unloading) of any of the automobiles described in the schedule; excluding injuries suffered by any employee of the assured while operating or caring for the automobiles covered hereby, and also excluding injuries suffered by any employee while in the course of his employment in the usual trade, business or profession of the assured, and excluding in any event any liability assumed by or imposed upon the assured to pay Workmen's Compensation."

The other clause is in this language: "Additional Assureds. If the automobiles covered by this policy are 'private passenger' or 'commercial' automobiles any person or persons while riding in or operating any of such automobiles and any person, firm or corporation responsible for the operation thereof, shall be considered as an additional assured under this policy. The automobiles included within the terms 'private passenger' and 'com-

mercial' shall be those defined in the Company's Manual of Automobile Rules and Rates in use at the effective date of this policy. The coverage afforded by this paragraph shall not apply unless the riding, use or operation above referred to be with the permission of the assured named in the schedule of this policy, or, if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or a domestic servant, provided that coverage given by this paragraph shall not apply to a public automobile garage or an automobile repair shop, sales agency, service station, and/or the agents or employees thereof. In the event an automobile covered by this policy is sold, transferred or assigned, the purchaser, transferee or assignee shall not be considered as an additional assured without written consent of the company evidenced by endorsement hereon.''

It will be observed that under Clause A employees of the insured are expressly excluded while operating or caring for the automobile ''covered hereby,'' and the policy also expressly excluded employees of the insured while in the course of their employment in the usual trade, business, or profession of the insured. Clearly, John Toney, the driver of the automobile, and appellee, who was engaged in her usual employment as Mrs. Easterling's servant, come within these exclusions. In other words, the policy did not protect Mrs. Easterling against liability for injuries received by either of them. The trouble arises out of this language under the subsequent clause entitled ''additional assureds:'' ''Any person or persons while riding in or operating any of such automobiles . . . shall be considered as an additional assured under this policy.'' The argument is that under that language John Toney was an additional assured; that he was insured against liability for appellee's injury, although Mrs. Easterling, to whom the policy was issued, was not insured against such liability.

It is a cardinal principle of construction that a contract is to be construed as a whole; that all its parts are to be harmonized so far as reasonably possible; that every word in it is to be given effect, if possible; and that no part is to be taken as eliminated or stricken by some other part unless such a result is fairly inescapable. So construing the contract of insurance in this case, Mrs. Easterling's policy insured her against liability to third persons, except as to a third person who was an employee of hers, and it also included as an insured any person, not an employee of hers, who was riding in or operating the automobile with her permission; but this left standing all the while, and unaffected, the provision that the policy did not cover liability for injury to an employee of hers. There is nothing in the provision touching additional insureds which requires, or even justifies, the elimination or striking out of the previous provision that the policy did not cover an injury to an employee of Mrs. Easterling. Plainly the policy did not cover injury to an employee of Mrs. Easterling because of any negligence of hers; it nevertheless did include an injury through the negligence of an additional insured. A person invited or permitted by Mrs. Easterling to ride in or operate the automobile would thereby become an additional insured, but it would require the writing into the policy of something which is not there, and the striking out of something which is there, to hold that the coverage of the policy included an employee of hers who, according to the terms of the policy, was expressly excluded therefrom.

The construction contended for by appellee is not a reasonable one. It is hard to conceive that an insurance company would write a policy of that kind. For illustration: If Mrs. Easterling had been driving the automobile accompanied by appellee, her employee, and the latter had been injured by her negligent driving, clearly the policy would not have protected Mrs. Easterling

against liability for such injury, because it expressly so provides. But according to appellee's contention, the policy does insure Mrs. Easterling's servant, John Toney, against liability for an injury to appellee resulting from his negligent driving. In other words, Mrs. Easterling, who procured the policy and paid the premium therefor, would not be insured, while her servant, John Toney, who had nothing to do with procuring the policy, would be insured. We are of opinion that the contract bears no such construction.

Our construction of this policy is supported by Bernard v. Wisconsin Automobile Insurance Company, 210 Wis. 133, 245 N. W. 200. The facts in that case were very similar to the facts in this case, and the policy there involved was substantially the same as the one involved here, and the court reached the same result we have.

It follows from these views that the judgment is affirmed as to the Employers' Liability Assurance Corporation, and reversed and judgment here for the Continental Casualty Company.

Affirmed in part, and reversed in part.