MADISON, Administratrix, Appellant, vs. STELLER and another, Respondents.

*October 12—November 9, 1937.*

For the appellant there was a brief by *Sidney Saichek* and *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb* and *Jefferson Burrus* of counsel, all of Milwaukee, and oral argument by *Mr. Burrus* and *Mr. Saichek.*

*D. J. Regan* of Milwaukee, for the respondents.

WICKHEM, J. The sole question upon this appeal is the proper construction to be given the liability policy issued by defendant insurer to Callaway Fuel Company. The policy in compliance with sec. 204.30 (3), Stats., contained an omnibus coverage clause which read as follows:

"The insurance provided under section II hereof is extended to apply in the same manner and under the same conditions and provisions as it is applicable to the assured named in statement II of the schedule of statements, to any person

while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy, and with the permission of the named assured, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant."

Section II (A) of the policy insures against:

"Bodily injuries or death accidentally suffered or alleged to have been suffered by any person or persons (excluding any employee of the assured while engaged within the scope of his employment) as the result of an accident occurring while this policy is in force. . . ."

Section II (B) contains a similar provision with respect to damage to or destruction of property.

Steller was an employee of the Callaway Fuel Company, and it is alleged in the complaint that he was driving the automobile with the consent of the fuel company. The answer alleges that Steller at the time was acting as agent of the Callaway Fuel Company, and that Madison, who was struck and killed by the car, was in the employ of the Callaway Fuel Company and acting within the scope of his employment. Upon these facts, the question is the same as that involved in *Bernard v. Wisconsin Automobile Ins. Co.* 210 Wis. 133, 245 N. W. 200. Does the policy exclude coverage for claims arising out of injury to or death of an employee of the *named assured* when the car is being driven, not by the named assured, but by some person with the consent of the named assured? In other words, does the term "employee of the assured" mean employee of the additional assured in a case where the latter is the alleged tort-feasor, and an employee of the named assured only when recovery is sought against the named assured?

There is a clause in this policy which was not in the policy involved in the *Bernard Case,* and which is claimed vitally to

affect its construction. Clause 21 of the conditions of the policy provides as follows:

"The unqualified term 'assured' wherever used in this policy shall include in each instance any other person entitled to protection hereunder, but the qualified term 'named assured' shall apply only to the person, firm or corporation named and described as such herein."

It will be noted that in subsections (A) and (B) of section II the term "the assured" is used and not "named assured." It is the contention of defendant, and it was the conclusion of the trial court, that since by the definitive clause the term "assured" includes named assured and persons covered by the omnibus coverage clause, this term, as used in subsections (A) and (B) of section II, excludes at least the employees of the named assured, and probably also those of the additional insured. It is the position of the plaintiff that the definitive clause makes the unqualified term "assured" capable of being applied either to the named assured or to beneficiaries of the omnibus coverage clause, as the circumstances may require; that at all events the policy is ambiguous in this respect and should be construed in favor of the assured.

Without the definitive clause, the policy offers enough difficulty in construction to give color to plaintiff's suggestion that it is ambiguous. The unqualified term "assured" is frequently used when it can have practical application only to the named assured. For example, the opening sentence of the policy states that the policy is in consideration of statements "set forth in the schedule of statements, which the assured makes and warrants to be true." The named assured is the only one who actually makes such representations. Section I of the policy insures against loss or damage to the automobile described in the policy. Subsection (B) of section I insures against theft, excepting by any person

"in the assured's household or in the assured's service or employment." In a practical sense, this can apply only to the named assured, for only the named assured is protected by the policy against theft. On the other hand, section II, which insures against loss arising out of liability upon "claims upon the assured" for damages by reason of the operation of any automobile enumerated in the scheduled statements, is capable of being applied either to the named assured or additional insured, depending on which requires the protection of the policy. Section II (C) requires the company to investigate and defend on behalf of the "assured" suits brought against the "assured." Subsection (D) of section II obligates the company to pay costs taxed against the "assured" in any legal proceeding against the "assured" which is defended by the company. Subsection (G) 18 provides that the loss under section II shall be due and payable to the assured when the amount of any claim or loss covered by the policy shall have been fixed and rendered certain, either by final judgment against the assured or by agreement, etc., and an action may be brought by the assured at any time within one year thereafter to enforce his rights. In all these instances the term "assured" is capable of being applied either to the named assured or to a person claiming under the additional coverage clause.

These examples are not exhaustive, but are sufficient to illustrate the point. Without a definitive clause of some sort it might very plausibly be contended that in some sections the unqualified term "assured" meant only the named assured, and that in others it meant or included the additional insured. To avoid this confusion, the definitive clause was inserted in the policy, and we consider that its meaning is so clear as not to be subject to construction. By this clause the unqualified term "assured" is assigned a definite meaning. It is provided that in every instance it shall include the person entitled to protection under the policy. The clause expressly

makes the term "named assured" apply solely to the person to whom the policy was issued. As a result of the clause, it is perfectly plain that the term "assured" refers in every instance to the named assured, and, when it is qualified by the word "named," it applies solely to him. It is, of course, obvious that there are numerous situations in which under the facts the named assured will be out of the case and there will be no possibility of applying any portion to him. For example, if one who has driven the car with the consent of the named assured is sued for damages caused by his alleged negligence, there will be no occasion for the company to defend in the name of the named assured. The defense will be in the name of the additional assured, who is the only person needing protection. This does not mean, however, that the unqualified term "assured" does not include both named and additional insured. It does and must be so applied in every instance where there can be such an application. The term "assured" in subsections (A) and (B) of section II, which are coverage clauses, is capable of being applied to the named assured even though the person who is sued, and who is claiming the protection of the policy, is not the named assured. Since the term includes both the named insured and is capable of application to it, it must be so applied. The clause removes from the policy whatever ambiguity might have been present without it. We think that the conclusions of the trial court were correct.

*By the Court.*—Order affirmed.