27643. GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LTD. *v.* KIMBERLY.

154

Decided November 28, 1939.

*Bussey & Fulcher, John M. Slaton,* for plaintiff in error.
*Hammnod, Kennedy & Yow,* contra.

MacIntyre, J.  H. C. Kimberly filed his suit against General Accident Fire and Life Assurance Corporation Ltd., on an automobile liability-insurance policy.  It was alleged that the plaintiff recovered judgment against John Curl in the sum of $2900 principal and $40 court costs for the death of his son who was killed on August 13, 1937, as the result of the operation of a truck belonging to Merchants Baking Company and driven by said Curl with the knowledge, permission, and consent of Merchants Baking Company who was the named insured in the policy of insurance referred to; that though an execution had been issued the same had not been paid and a nulla bona return had issued thereon.  After the filing of the petition an amendment was allowed and filed to which were attached as exhibits the policy of automobile-liability insurance; a copy of the petition filed by the plaintiff against John T. Curl, together with the verdict and judgment which were obtained; and an award of the Industrial Board showing that upon the application of the plaintiff he had been granted compensation from Merchants Baking Company and General Accident Fire and Life Assurance Corporation Ltd., which was the workmen's compensation insurance carrier of Merchants Baking Company as well as the issuer of the automobile liability-insurance policy.  It was also alleged in the amendment that at the time of and before the death of plaintiff's son the said John Curl was employed by Merchants Baking Company as a truck driver for the purpose of delivering bread and other products of Merchants Baking Company to merchants on a route designated by the company, for which he received

compensation as such employee; that the said Curl employed the plaintiff's son to assist him in making deliveries of the said bread and paid him out of his own funds weekly compensation therefor; that there was no contractual relation between the plaintiff's son or the plaintiff and Merchants Baking Company, as the only contract was between Curl and the plaintiff's son. That under the decision of the Court of Appeals in *Hockmuth* v. *Perkins*, 55 *Ga. App.* 649 (191 S. E. 156), plaintiff's son was an employee of Merchants Baking Company for the purpose of payment of compensation and was not an employee of the said John T. Curl. The demurrer to the petition was overruled and the defendant excepted.

The policy in the instant case does not cover any obligation assumed by or imposed upon the insured by reason of any workmen's compensation agreement, plan, or law. The provisions of the policy applicable in the case sub judice are: "3. Definition of 'insured.' The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial,' each as defined herein; and provided further that the actual use is with the permission of the named insured." But for paragraph 3 just quoted above, Merchants Baking Company would have been the only insured under this policy; however, because of paragraph 3, Curl (the truck driver) is also insured. The policy, however, further provides that paragraph 3 does not apply . . " (d) to any employee of an insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such insured."

Therefore, the effect of paragraph 3 does not apply if "d" is true, that is, if Curl is an employee of the insured (Merchants Baking Company) and the action is brought against the insured for injury or death of another employee (Herbert Acree Kimberly) of the same named insured (Merchants Baking Company), which accident occurred in the course of the employment by use of the insured's automobile. The language is not uncertain or ambiguous.

It excludes from the coverage of the policy liability for injury to Kimberly, an employee of the baking company, because of the negligence of his fellow employee (Curl) of the same named insured. The defendant in error relies on Kaifer *v.* Georgia Casualty Co., 67 Fed. (2d) 309. However, in that case the policy did not have the clause "d" just above discussed, and that case is therefore distinguishable from the instant case. "That decision is further in opposition to such cases as Continental Casualty Co. *v.* Pierce, 170 Miss. 67, 154 So. 279; Birrenkott *v.* McManamay, 65 N. D. 581, 276 N. W. 725; Madison *v.* Steller, 226 Wis. 86, 275 N. W. 703. In these it was thought that where the named insured was not protected against the suit of his employee by the insurance which he had taken out for his own benefit, it would be unreasonable to construe the policy as protecting one using the automobile by permission who had not taken out the insurance." Johnson *v.* Ætna Casualty & Surety Co., 104 Fed. (2d) 22, 24, decided May 20, 1939. The presence in this case of the clause "d" makes it unnecessary to decide which construction ought, in its absence, to be followed. The provision of the insurance policy applicable in this case is, in effect and in fact, almost word for word the same as the provision in the insurance policy in Johnson *v.* Ætna Casualty & Surety Co., supra, and we have here adopted the construction there placed on the policy by the Circuit Court of Appeals for the Fifth Circuit in which Judge Sibley spoke for the court.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*