71 So.2d 64

**McDOWELL et al.**

**v.**

**UNITED STATES FIDELITY & GUARANTY CO. et al.**

**4 Div. 760.**

Supreme Court of Alabama.

March 4, 1954.

Rushton, Stakely & Johnston, Montgomery, for appellees.

Jackson W. Stokes, C. L. Rowe, Elba, for appellants.

MERRILL, Justice.

This is an appeal from an interlocutory decree sustaining a demurrer to an amend-

ed bill against the appellee and one Meek, who does not join in the appeal, to reach and apply the proceeds of a public liability insurance policy issued by the appellee to G. T. Key, an individual doing business as G. T. Key Construction Company.

The original bill alleged in effect that complainants are the widow and minor child of Robert McDowell, deceased; that Robert McDowell and respondent Meek had been employees of Key, who had a contract with Covington Electric Cooperative, Inc., for the construction of certain electric distribution lines and respondent insurer had issued a certain automobile insurance policy covering Key and any person while using a motor vehicle described in the policy, provided the actual use was by the named insured or with his permission. On June 30, 1949, Robert McDowell was killed as a result of the negligence of his fellow employee, respondent Meek, in the operation of an insured automobile of Key's while both McDowell and Meek were using the automobile in the line and scope of their employment. His death came within the provisions of the Alabama Workmen's Compensation Laws and on application of his widow and minor child, regular compensation payments have been and are being paid to them by appellee under the terms of its policy issued to Key.

Thereafter in January 1950 Mrs. McDowell and her minor son brought suit for damages in Coffee County against Meek, the fellow employee of Robert McDowell, deceased, pursuant to § 312, Title 26, Code of 1940 as amended. Meek did not appear to defend the suit; a judgment was rendered in the sum of $35,000 and the return on the execution was "nulla bona".

Complainants further alleged that they were entitled to the rights and remedies under §§ 11 and 12, Title 28, Code of 1940, to the end that the insurance money be reached and applied to the satisfaction of said judgment. They included interrogatories in their bill and prayed for discovery and for an application of the insurance money to their judgment.

The respondent Meek took no action. The appellee answered the interrogatories and filed a demurrer to the bill which was overruled. Appellee then filed an answer, setting out the requirements of the contract as to insurance, which included Workmen's Compensation and Public Liability, the certificate made by it to the Rural Electrification Administration, which contained a statement that the policies issued were standard policies, and pleaded Division III of the policy a part of which follows:

"III Definition of Insured—

"The insurance with respect to any person or organization other than the Named Insured does not apply under division (2) of this insuring agreement:

* * * * * *

"(c) To any employe with respect to injury to or sickness, disease or death of another employe of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer; * * *."

Respondent also pleaded Exclusion (c) of the policy which is in part:

"Exclusions

"This policy does not apply:

* * * * * *

"(c) Under coverage A, except with respect to liability assumed under contract covered by this policy, to bodily injury to or sickness, disease or death of an employe of the Insured while engaged in the employment of the Insured, other than a domestic employe whose injury arises out of an automobile covered by this policy and for whose injury benefits are not payable or required to be provided under any workmen's compensation law; or to any obligation for which the Insured or any company as his insurer may be held liable under any workmen's compensation law; * * *."

Thereupon appellants amended their bill incorporating the provisions of the construction contract, the requirement of a

certificate that a public liability policy had been furnished and the requirement that a contractor's performance bond be furnished. The following is quoted from appellants' brief:

"The amended complaint then pleaded, in view of the requirements of the construction contract for insurance, and in view of the fact that the public liability carrier was the same corporation (the appellee United States Fidelity and Guaranty Company) as the surety on the performance bond, and in view of the certificate of contractor insurance certifying compliance by the insurance carrier of the contractor with requirement of the construction contract relating to such insurance, alternative reasons why appellee U S F & G ought not to defeat appellants' suit to reach and apply the proceeds of, the insurance by reason of the exclusions pleaded by said appellee, viz:

"(1) That in view of the fact that these provisions of the construction contract required such insurance and in view of the insurer certificate of compliance as to said provisions (neither of which spells out the exclusions pleaded by the insurer) the appellee United States Fidelity and Guaranty Company was estopped to assert such exclusions;

"(2) Or that, in view of said facts stated in paragraph 1, next above, the insurance contract ought to be read and construed in connection with the pleaded provisions of the construction contract and said pleaded certificate of contractor insurance; and that, when so construed, the insurance policy and its coverages are ambiguous as to the effectiveness of the exclusions pleaded."

Appellee refiled demurrer interposed to the original bill. The trial court entered a decree sustaining the demurrer on grounds A, E, F, G and H and the appeal is from this decree. The grounds of demurrer held good were:

"(A) It affirmatively appears that under the terms of neither the Master Construction Contract, the surety bond, the certificate of contractor's insurance, REA borrowers, nor any other document pleaded, did the Covington Electric Cooperative, Inc. or the Administrator of the REA, nor the contractor G. T. Key, nor this respondent undertake to furnish insurance for any person, firm or corporation other than the contractor, G. T. Key Company. There is no requirement anywhere that the individual liability of Howard Meek or anyone in his category be covered by insurance.

"E. It affirmatively appears that under the terms of neither the Master Construction Contract, the surety bond, the certificate of contractor's insurance, REA borrowers, nor any other document pleaded did the Covington Electric Cooperative, Inc. or the Administrator of the REA, nor the contractor G. T. Key, nor this respondent undertake to furnish insurance for any person, firm or corporation other than the contractor, G. T. Key Company. There is no requirement anywhere that the individual liability of Howard Meek or anyone in his category be covered by insurance.

"F. It affirmatively appears that at most the documents made the basis of this suit require only the taking out and maintenance of insurance 'satisfactory to the administrator' and it is not alleged that the insurance furnished in Policy Number CGA-23993 of this respondent was not so satisfactory.

"G. For ought that appears in the complaint Policy Number CGA-23993 containing the Definition of Insurance which excluded (in Division 3) coverage for additional assureds with respect to injury or death of another employee, was satisfactory to and approved by REA Administrator.

"H. It affirmatively appears that when the contractor G. T. Key took out adequate Workmen's Compensation Insurance, he discharged every duty which he, or by reference this respondent, contracted with reference to his employee, Robert Lamar McDowell."

Counsel for appellants make this candid statement in their brief: "The instant case is based squarely on United States Fidelity & Guaranty Company v. Doheny, [9 Cir.], 123 F.2d 746, 747. In the majority opinion, the Circuit Court of Appeals based its reasoning on estoppel; whereas, the concurring opinion was based on ambiguity arising out of construction of all the related documents. In the instant case the bill of complaint as amended undertakes, by use of the alternative to lay the foundation for the claim on each of said principles and theories."

We think attention need be directed to only one feature of the Doheny case, which differentiates it from the case at bar. We quote the first paragraph of the opinion.

"In December, 1934, Roberta and Marguerite Doheny were killed in a highway accident in Montana while riding as guests in an automobile operated for the partnership of Coverdale & Johnson. In suits in the state court for their wrongful death, appellee, as administratrix, recovered two judgments of $5,116 each against the partnership. Doheny v. Coverdale & Johnson, 104 Mont. 534, 68 P.2d 142. Appellant, which had issued a public liability policy to the partnership, participated in the defense of these actions. Writs of execution against the judgment debtor having been returned unsatisfied the present suits were brought against appellant as insurance carrier. From judgments in favor of appellee the insurer appeals."

■ There the judgments were against the insured partnership. The United States Fidelity & Guaranty Company had participated in the defense of the suit when its insured had been sued. But the bill in the instant case shows that Key, the named insured, has not been sued and no judgment of any kind recovered against him, and further alleges that complainants agreed with Key as to the Workmen's Compensation due them and that it has been and is being paid as agreed.

Section 12, Title 28, Code of 1940, is as follows:

"Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

In Employers Ins. Co. of Alabama v. Johnston, 238 Ala. 26, 189 So. 58, 61 we said:

"We have held along with the generally accepted view that the right and remedy provided for in sections 8376 and 8377 (now §§ 11 and 12, Title 28) Code (not influenced by other provisions of the law or contract), did not extend to plaintiff a primary claim as a contractee of such a policy of insurance with a power to sue to enforce it independent of the status created between the assured, against whom judgment had been rendered, and his insurance carrier. That plaintiff's status was derivative and depended upon the liability of the insurer to the assured under the contract, provided that after the accident and injury they cannot cancel or annul the contract, but the

cooperation clause, supra, was not affected, and by its breach, not waived, the liability of the insurer to the assured and through him to the injured party was forfeited and lost. George v. Employers' Liability Assur. Corp., 219 Ala. 307 [308], 122 So. 175, 72 A.L.R. 1438; Metropolitan Casualty Ins. Co. [of New York] v. Blue, 219 Ala. 37, 121 So. 25; see 72 A.L.R. 1448 et seq.

"So that complainant cannot have the benefit of the relief provided for in those Code sections, unless there is something here presented which operates to relieve this case from the effect of that principle."

■ This court said in Aetna Casualty & Surety Co. v. Chapman, 240 Ala. 599, 200 So. 425, 426, that:

"Policies of insurance being carefully prepared by the insurer, when containing provisions reasonably subject to different constructions, one favorable to the insurer and one favorable to the insured, the construction favorable to the insured shall prevail. As sometimes stated the insured is entitled to the protection which he may reasonably expect from the terms of the policy he purchases.

"In giving effect to this rule, it is equally important that the contract made by the parties shall prevail, and no new contract be interpolated by construction.

"Provisions clearly disclosing their real intent are not to be given a strained construction to raise doubts where none reasonably exist. No citation of authority need be made in support of these well settled principles."

We have found a case which we think is decisive of the question before us. The opinion in General Accident Fire & Life Assur. Corp. v. Kimberly, 61 Ga.App. 153, 6 S.E.2d 78, described a suit and judgment by the father of a deceased employee against a fellow employee after the father was being paid workmen's compensation by the employer and the defendant insurance company. We follow the "syllabus by the court", except that we insert the exact wording of the policy before us and use the names of the parties in the instant case instead of the respective parties in that case:

The provisions of the automobile owner's policy of liability insurance applicable in the instant case were: "III Definition of Insured". The unqualified word insured includes the named insured and also includes (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *. The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement: (c) to any employee (Meek) with respect to injury to or sickness, disease or death of another employee (McDowell) of the same employer (Key) injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer (Key). Clause "(c)", supra, excluded from the policy the liability for injury to McDowell, an employee of the named insured (Key), because of the negligence of his fellow employee (Meek) of the same insured.

■ Aside and apart from the "Exclusions" section which follows Section III defining the insured in the policy, we can only interpret (c) of Section III to mean that Howard Meek was not an "additional insured" as contended by appellant. Continental Casualty Co. v. Pierce, 170 Miss. 67, 154 So. 279; Johnson v. Aetna Casualty & Surety Co., 5 Cir., 104 F.2d 22; Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725; Madison v. Steller, 226 Wis. 86, 275 N.W. 703.

■ As stated in appellants' reply brief, "the entire insurance policy is before the Court on this appeal," and we agree that the policy is to be construed most favorably for the insured against the insurer. However, we cannot by construction do violence

418

to the language of the policy or read into it something that is not there. The language, "The insurance does not apply", can carry no other meaning.

 In the instant case, the named assured was Key and not Meek, and there was no privity of contract between the insurer and Meek. Therefore the insurer had no obligation of any kind or nature to Meek nor has it any duty to indemnify or hold harmless the said Meek by reason of any judgment which may have been obtained against Meek by the complainants. Meek did not meet the requirement of Title 28, § 12, Code of 1940, of an insured "defendant in such action."

We think the court properly sustained the demurrer on grounds A or E and it is therefore unnecessary to consider any of the remaining grounds assigned. Case v. Pfaffman, 253 Ala. 511, 45 So.2d 453.

The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.