**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee-Cross-Appellant,**

v.

**NORTH LAUREL SHOPPING CENTER, INC., Defendant-Cross-Appellee,**

**D. D. Bush, and Harry Bush and James Wray Bush, Co-Executors of the Estate of A. A. Bush, Deceased, Defendant-Appellant.**

No. 26418.

United States Court of Appeals
Fifth Circuit.

April 14, 1969.

Rehearing Denied and Rehearing En Banc Denied May 16, 1969.

M. M. Roberts, Hattiesburg, Miss., for appellant.

L. F. Sams, Jr., Daniel, Coker, Horton & Bell, Jackson, Miss., for appellee, cross-appellant and appellant.

Before THORNBERRY and DYER, Circuit Judges, and FISHER, District Judge.

DYER, Circuit Judge:

Out of a welter of contentions and counter-contentions, the fulcrum of this appeal lies in whether or not, under the unambiguous terms of a written lease between the appellants as landlord, and Delchamps as tenant, the landlord is liable for damages arising out of injuries sustained by two customers of the tenant who fell while traversing an inside passageway between an adjoining store and Delchamps.[1]

Delchamps' insurer, Liberty Mutual, settled the customers' claims and brought this action against the landlord for indemnification. From a judgment entered upon a verdict in favor of Liberty Mutual the landlord appeals. Concluding, as we do, that no liability was imposed upon the landlord under the lease, in the circumstances of this case, we reverse.

The landlord leased a store in its shopping center located in Laurel, Mississippi, to Delchamps to be used as a grocery. The landlord later leased an adjacent store to Super 5 & 10, Inc.[2] Super requested the landlord to construct an opening in the wall between Delchamps and Super so that customers in one of the stores could walk directly into the other without having to go out on the sidewalk. The landlord's builder constructed the opening and ramp at the landlord's expense. However, the architect who directed and supervised the construction was employed by Delchamps. While most of the ramp was on Super's side of the common wall, a portion of it ran down into Delchamps' store. A sliding glass door which could be locked from either side was installed so that each tenant could lock the door and secure the opening. Even though the ramp was covered with an abrasive material to prevent slipping, on two different occasions women slipped and fell on the upper part, Super's part, while attempting to negotiate the ramp. Both women sued Delchamps and Super for damages. Notice was given to the landlord but the landlord refused to defend. Liberty Mutual eventually settled both suits and instituted this action against the landlord seeking recovery of contractual indemnity or, in the alternative, common law indemnity for the expenses which Liberty Mutual incurred in behalf of Delchamps in investigating and litigating the two cases against its insured, together with the amounts paid in settlement. A directed verdict in favor of the corporate defendant was granted, and the jury returned

1. A. A. and D. D. Bush were the original lessors. They subsequently assigned the lease to a family corporation, North Laurel Shopping Center, Inc., in which they were the sole stockholders. At the time of suit A. A. Bush was deceased and his co-executors, Harry and James Wray Bush, D. D. Bush and the corporation were made parties defendant. For convenience they will be collectively referred to as the landlord.

2. Delchamps and Super were more than just casual neighbors. In thirteen or fourteen locations the two corporations had stores which adjoined each other. At some of these locations there was an opening between the two stores similar to the one in Laurel, Mississippi. Mr. Delchamps, vice president of Delchamps, Inc., owned stock in Super. Previously, an officer of Delchamps had been a member of the board of Super.

a verdict in favor of Liberty Mutual against the landlord.

There is no material factual dispute. No one has even suggested, much less argued, that Clause 10 of Delchamps' lease is ambiguous. It reads:

10. Landlord will indemnify and save harmless tenant from any loss, cost, damage or expense caused by injury to persons or property while in, on or about the sidewalk, parking area or other portions of the Shopping Center exclusive of the demised premises. Tenant will indemnify, protect and save harmless the landlord from any loss, cost, damage or expense covered by injury to persons or property while in or on said premises herein leased. * * *

No effort was made by either party to introduce parole evidence to clarify or explain this provision for the obvious reason that the provision is perfectly clear. With the case in this posture there was no issue to submit to the jury. The District Court had the duty to apply the terms of an unambiguous contract to undisputed facts.

█ Liberty Mutual would have us lift out of context in Clause 10 the phrase, "or other portions of the Shopping Center exclusive of the demised premises," and fasten liability on the landlord for the injury to customers that occurred in Super's leased store. Manifestly this must fail. The meaning of the clause must be determined by reading it as a whole and in context and not by isolating phrases and considering them out of context. Williams v. Batson, 1939 186 Miss. 248, 187 So. 236, 128 A.L.R. 1138; Continental Casualty Co. v. Pierce, 1934, 170 Miss. 67, 154 So. 279.

█ When the landlord entered into the lease with Delchamps there was no passageway to the adjoining store, either on the plan or contemplated by the parties. If someone was injured in Delchamps' store, over which Delchamps and not the landlord had control, Delchamps was to be solely responsible. If someone was injured on the (public) sidewalk, (public) parking area, or other (public) portions of the Shopping Center, outside of Delchamps' store and under control of the landlord, the landlord was to be responsible. Was this contractual relationship between the parties altered by the subsequent construction of a passageway when Super leased the store next door? We think not. The passageway was constructed at the behest of and for the benefit of Super and Delchamps, not the landlord.

█ The ramp led from the *interior* of one store through an opening to the *interior* of the other store. Either Delchamps or Super could seal the opening by locking a sliding glass door. The landlord had no control over the ramp or the door. It was entirely up to Super and Delchamps whether they wanted an interchange of customers between their stores without the customers having to go outside "to other portions of the Shopping Center" to get from one store to the other.

Without further belaboring the point we think that it is crystal clear that the landlord had no liability to Delchamps or its subrogee Liberty Mutual, in the circumstances of this case, because the customers' injuries did not occur "in other portions of the Shopping Center" within the meaning of Clause 10 of the lease.

There were no issues to submit to a jury. The landlord's motion for a directed verdict should have been granted. Cater v. Gordon, Transport, Inc., 5 Cir. 1968, 390 F.2d 44. There it should and does end.[3]

Reversed and rendered.

---

3. Our disposition of the case makes it unnecessary for us to reach the many collateral issues raised by the parties, i. e., the reasonablenss of the settlements made by Liberty Mutual, the timeliness of filing a claim against the A. A. Bush estate, the dismissal of the corporate defendant, the injection of insurance coverage at trial, the rights of a subrogor vis-a-vis a subrogee, and numerous jury instructions to which the landlord objected.

ON PETITION FOR REHEARING
AND PETITION FOR REHEAR-
ING EN BANC

PER CURIAM:

The Petition for Rehearing is DE-NIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is

Denied.