ADAMS *et al. v.* MARYLAND CASUALTY CO.

(Division B. Feb. 5, 1932.)

[139 So. 453. No. 29788.]

**J. A. Cunningham,** of Booneville, for appellant.

**Watkins, Watkins & Eager,** of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

On May 16, 1929, one F. A. Falls procured a casualty insurance policy from the Maryland Casualty Company upon a truck against liability for accidents and injuries to himself and to third persons. This truck was being operated upon a highway with a trailer attached, and collided with a car, owned and being operated by the father of the appellant, inflicting serious injuries upon the appellant, R. B. Adams, minor, and hence this suit was brought. In a suit brought by Curtis E. Adams, who was injured in the same accident, controlled by the same facts, and reported in Maryland Casualty Co. v. Adams,

159 Miss. 88, 131 So. 544, a demurrer was sustained to the declaration holding that there was no liability against the casualty company. Judgment had been obtained against Falls for the injury, and the suit at bar and its companion suit in 159 Miss. supra, were brought against the Casualty Company to recover on the policy issued to Falls.

In the present case, it was sought to amend the declaration so as to change some averments in the declaration which was originally identical with the one in the Curtis E. Adams case, supra. In that case it was averred that the truck was engaged at the time of the accident in hauling logs with a trailer attached, and that such operation was the approximate cause of the injury. In the present case, it was stated that the truck was not loaded with logs, but was on a return trip from the place of unloading logs back to the woods to be reloaded. The trailer was attached to the truck, but it was averred in this declaration that there was no causal connection between the attachment of the trailer to the truck and the injury to the appellant for the collision occurred between the front part of the truck and the front part of the car wrecked by the collision, and that the truck was being operated upon the wrong side of the road and struck the car with such violence and force as to knock the car out of the road without creating any slack between the trailer and the truck.

The policy involved, among other things, under the head of "Legal Liability for Damages to Property of Others," provides, as follows: "Against loss from liability imposed by law upon the assured for damage (including as a part thereof loss necessarily resulting from loss of use) to property of every description (excluding property of the assured and/or property in the custody of the assured and/or property rented or leased by the assured and/or property carried in or upon any automo-

bile of the assured, or in or upon any automobile in the custody of the assured), . . . provided that the Company's liability for such property damage shall in no event exceed the amount set forth in Clause B of Item 3 of the statements on account of any one accident. And said limit shall apply to each automobile covered hereunder. 11. The insurance provided by this Policy is hereby made available, in the same manner and under the same conditions as it is available to the named assured, to any person operating and/or to any other person while riding in, and/or to any other person, firm or corporation legally responsible for the operation of, any of the automobiles described in the statements, provided the use and operation thereof are lawful and with the permission of the named assured.'' In paragraph 5 of this clause, it is provided that: ''This policy does not cover (1) any obligation assumed by or imposed upon the assured by any Workmen's Compensation Law, agreement or plan, unless specifically endorsed hereon, . . . while said automobiles are (d) being used for towing or propelling any trailer or any vehicle used as a trailer, (incidental assistance to a stranded automobile on the road permitted) . . . unless such trailer is listed in the statements set forth. . . . Nor in any event unless proper premium for such privilege is in the statements set forth.''

It will be seen from an analysis of the provisions of the policy that the insurance company did not assume to insure the risk caused by the operation of the truck with the trailer attached unless it was permitted by notation on the policy and the proper charges made for such coverage.

We do not see how the averments set forth in this declaration aid the plaintiff in the suit, because the casualty company did not assume to insure against in-

juries in the operation of the truck with the trailer attached.

It was permissible for it to make the contract specifying the particulars in such policy that would afford indemnity to the insured. The plaintiff does not bring himself within the terms of the policy, and, as we understand it, one who is not a party to a contract, but for whose protection a policy provides, can stand only upon the terms of the contract, and if he does not bring himself within the terms of the contract, there is no liability in his favor.

The appellant cites and relies upon the case of Hossley v. Union Indemnity Co., 137 Miss. 537, 102 So. 561, but we do not think that case is applicable here. On the facts of that case, we think it is perfectly sound. There the injury was not occasioned by the operation of a car by the plaintiff, but was occasioned by the negligence of the opposite party doing an affirmative negligent act.

The court below having sustained the demurrer to the bill, which holding is in conformity with the present opinion, and with the case of Adams v. Maryland Casualty Co., supra, the judgment will be affirmed.

Affirmed.