**STARKVILLE MUNICIPAL SEPARATE SCHOOL DISTRICT, etc., et al., Plaintiffs-Appellants,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.**

No. 85–4244
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1985.

---

McAlpin, Wise & Quarles, Lydia Quarles, Dolton W. McAlpin, Starkville, Miss., for plaintiffs-appellants.

John L. Low, IV, Jackson, Miss., for defendant-appellee.

Before REAVLEY, TATE and HILL, Circuit Judges.

REAVLEY, Circuit Judge:

Starkville Municipal Separate School District (Starkville) appeals the denial of its requests for punitive damages and full reimbursement of attorney's fees from its insurer, Continental Casualty Company (CNA). We reverse the denial of attorney's fees and affirm the judgment denying punitive damages.

**Facts**

In 1978, CNA sold Starkville an insurance policy especially designed for school districts and school officials. Under the policy terms, CNA agreed to reimburse Starkville for expenses it might incur if it were sued for certain covered causes of action. Specifically excluded from reimbursement, however, were payments of fines and punitive damages.

Three years later, Starkville submitted a claim under the policy for expenses it had incurred in connection with the defense of a wrongful termination suit. Although the plaintiff had requested both punitive and compensatory damages, the final judgment awarded only costs, attorney's fees, and minor compensatory damages for mental distress. Starkville's claim for reimbursement included this judgment, as well as its own costs and attorney's fees.

CNA, however, denied that the policy covered all of the claimed expenditures, insisting that the damage award and related attorney's fees were not recompensable under a policy exclusion for "bodily injuries." In addition, because the policy did not provide reimbursement for punitive damages, CNA contended that Starkville could not recover any of its own attorney's fees spent in its successful defense of the original plaintiff's plea for punitive damages. Dissatisfied with this interpretation of the policy and CNA's final offer to pay about three-fourths of its claim, Starkville brought this bad faith insurance suit, requesting full reimbursement under the policy and punitive damages for CNA's alleged bad faith refusal to pay.

The district court ordered CNA to pay all of Starkville's expenses in connection with the original plaintiff's damage award. It upheld CNA's refusal to pay Starkville's own attorney's fees in full, however, allowing the exclusion of whatever portion was attributable to the punitive damage defense. The parties stipulated that $500 had been spent on that defense; the court then entered judgment against CNA for the full amount of Starkville's claim minus the stipulated $500. The court also denied Starkville's request for punitive damages because CNA had a legitimate reason for refusing to pay. This appeal followed.

**Discussion**

Starkville contends that the policy provides for reimbursement of all its attorney's fees incurred in defense of covered causes of action. It further argues that it is entitled to punitive damages because CNA unjustifiably refused to pay its claim.

### Attorney's Fees

Under Mississippi's rules for the construction of insurance contracts, unambiguous language in an insurance policy must be given its ordinary and plain meaning. *Benton v. Canal Ins. Co.*, 241 Miss. 493, 507–09, 130 So.2d 840, 846 (1961). Terms susceptible to two interpretations, however—particularly those involving exceptions and limitations to the policy's coverage—must be construed more strictly against the insurer, as drafter of the disputed provisions. *National Old Line Ins. Co. v. Brownlee*, 349 So.2d 513, 514 (Miss. 1977). Where an insurer wishes to exclude certain items from the policy's coverage, it must do so explicitly. *See Michael v. National Sec. Fire & Cas. Co.*, 458 F.Supp. 128, 130 (N.D.Miss.1978).

■ The controversy in this case centers around the definition of reimbursable expenses, or "loss." The definitional paragraph lists types of covered expenses, including the "cost of investigation and defense of legal actions, (excluding … salaries of officers or employees of the School District …)," and then provides that "such subject of loss shall not include fines imposed by law, or matters which shall be deemed uninsurable under the law."[1] The parties agree that punitive damage awards constitute a "fine" or "uninsurable matter"; however, CNA contends, and the district court concurred, that the proviso also excludes all other expenses related to a plea for punitive damages, whether or not those damages are actually assessed. Starkville interprets the proviso as excluding only an assessed fine or punitive damage award.

Applying the Mississippi rules of construction to this proviso, we agree with Starkville's interpretation: the $500 spent defending against the punitive damage plea constitutes a "loss" for which CNA must reimburse Starkville. Although the language of the proviso may be susceptible to a broader interpretation, only fines and other uninsurable matters are expressly excluded from the definition of reimbursable "loss." While punitive damages themselves may be uninsurable for reasons of public policy, that same public policy does not apply to costs and attorney's fees incurred in a defense against a plea for punitive damages, particularly where the defense is successful. If CNA intended to exclude these other costs from the policy's coverage, it needed to do so more explicitly—as it did elsewhere both in the same paragraph, for employee salaries, and in Part IV, for all losses "in connection with" excluded causes of action. *See* R. 11–12. We reverse this part of the district court's judgment.

### Punitive Damages

■ Mississippi bad faith insurance law permits the award of punitive damages only when the insurer had no "arguable or legitimate reason" for denying an insured's claim. *Blue Cross & Blue Shield of Mississippi v. Campbell*, 466 So.2d 833, 841 (Miss.1984); *Standard Life Ins. Co. of Indiana v. Veal*, 354 So.2d 239, 248 (Miss. 1977). Here, CNA convinced the able district court that it reasonably refused to pay the claim in full. There can be no doubt that it had a tenable position. This part of the judgment is therefore affirmed.

AFFIRMED in part and REVERSED in part. The cause is REMANDED for modification of the judgment to award Starkville its full attorney's fees.

---

**1.** The full text of the paragraph reads:

Loss shall mean any amount which the Assureds are legally obligated to pay or for which the School District may be required or permitted to pay as indemnity to the Assureds, for a claim or claims made against the Assureds for a Wrongful Act and shall include but not be limited to damages, judgments, settlements and costs, cost of investigation and defense of legal actions, (excluding from such costs of investigation and defense, salaries of officers or employees of the School District or any other governmental body) claims or proceedings and appeals therefrom, cost of attachment or similar bonds, provided always, however, such subject of loss shall not include fines imposed by law, or matters which shall be deemed uninsurable under the law pursuant to which this policy shall be construed.

(R. 11–12).