**CENTENNIAL INSURANCE COMPANY, Plaintiff,**

v.

**RYDER TRUCK RENTAL, INC., Defendant.**

No. 2:96CV124–EMB.

United States District Court,
N.D. Mississippi,
Delta Division.

June 25, 1997.

Walker W. Jones, III, Sheryl Bey, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Centennial Ins. Co.

W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Ryder Truck Rental.

## OPINION

BOGEN, United States Magistrate Judge.

In this declaratory judgment action, plaintiff Centennial Insurance Company seeks a declaration that it is not obligated to defend and indemnify Ryder in a separate lawsuit, *Williams v. Ryder Truck Rental, Inc., et al.,* Cause No. 2:95CV62–D–B, now pending in this court, and for attorney's fees and costs in bringing this action. Ryder has counter-claimed for damages, *i.e.* attorney fees and expenses incurred in defending the *Williams* suit.[1]

Both parties have moved for summary judgment, and concede that the matter can be resolved by motion as there are no material factual disputes. The parties have consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

### FACTS

The facts as stipulated are these: Guy Williams, an employee of Scholastic Book Fairs, Inc., alleges in 2:95CV62 that in April 1994, he was injured while unloading materials when he fell down the metal ramp of a truck leased by Ryder to Scholastic, and has sued Ryder alleging that the loading ramp was defective. Williams has also made a claim for workers compensation benefits and has received to date over $84,921.49.

Scholastic was obligated by the Truck Lease and Service Agreement with Ryder [Exhibit B to Stipulation of Facts submitted with plaintiff's motion] to procure liability insurance and to hold Ryder harmless for injuries occurring to Scholastic, its employees, drivers or agents. Scholastic purchased two policies from Centennial—Policy No. 299 00 08 86 (Commercial Package Policy–Business Auto Coverage) [Exhibit D]; and No. 299 00 08 88 (Commercial Package Policy–General Liability Coverage Form) [Exhibit C]. By virtue of a Certificate of Insurance, Ryder is an additional insured under the policies issued to Scholastic [Exhibit E].

### LAW

The obligations of Centennial under the policies at issue in this case hinge largely on the effect to be given the exclusionary provisions of the policies.

The operative exclusions in the Business Auto Policy (299 00 08 86) provide as follows:

B. EXCLUSIONS

---

1. Discovery is ongoing in the *Williams* case, and it has been set for non-jury trial before District Judge Glen H. Davidson on February 2, 1998.

\* \* \*

#### 3. WORKERS COMPENSATION

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers compensation disability benefits or unemployment compensation law or any similar law.

#### 4. EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY

"Bodily Injury" to:

a. An employee of the "insured" arising out of and in the course of employment by the "insured;" or

b. The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic employees not entitled to workers compensation benefits or to liability assumed by the "insured" under an "insured contract."

The pertinent exclusions contained in the Commercial General Liability Policy are as follows:

#### B. EXCLUSIONS

a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

d. Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. "Bodily injury" to:

(1) An employee of the insured arising out of and in the course of employment by the insured; or

\* \* \*

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity;

\* \* \*

This exclusion does not apply to liability assumed by the insured under an "insured contract."

Chief Judge L.T. Senter, Jr. has recently enunciated standards applicable to the construction and interpretation of insurance policies. In his memorandum opinion in *Great Northern Nekoosa v. Aetna Casualty & Surety Co.*, 921 F.Supp. 401 (N.D.Miss.1996), Judge Senter observed:

> The construction of an insurance contract is limited to an examination of the "written terms" of the policy itself. *Employers Mutual Casualty Co. v. Nosser*, 250 Miss. 542, 553, 164 So.2d 426, 430 (1964). The policy itself is the sole manifestation of the parties' intent, and no extrinsic evidence is permitted absent a finding by a court that the language is ambiguous and cannot be understood from a reading of the policy as a whole. (Citation omitted). If an insurance contract is clear and unambiguous, the language therein must be given its plain meaning. *Gulf Nat'l Bank v. United States Fire Ins. Co.*, 713 F.2d 1106, 1109 (5th Cir.1983); *see also Putman v. Insurance Co. of North America*, 673 F.Supp. 171, 175 (N.D.Miss.1987) ("Mississippi law requires that the words of the contract be given their ordinary meaning.") (citing *Mississippi Power and Light v. United Gas Pipe Line*, 760 F.2d 618 (5th Cir. 1985)). The court must construe the policy in a manner that effectuates the parties' intentions. *See Western Line Consol. School Dist. v. Continental Cas. Co.*, 632 F.Supp. 295, 302 (N.D.Miss.1986) (*citing Monarch Ins. Co. v. Cook*, 336 So.2d 738, 741 (Miss.1976)).

921 F.Supp. at 406.

In his complaint in Cause No. 2:95CV62–D–B, Guy Williams alleges that on April 27,

1994, he was employed by Scholastic and was performing his duties unloading boxes of books from a truck owned by Ryder when he slipped on a metal ramp on the truck and sustained injuries [Exhibit A]. As noted above, Williams made a claim for workers compensation benefits which have been paid by Centennial under a separate workers compensation policy.

 Unless there are other policy provisions which negate the "employee" and "workers compensation" exclusions in the policy, Williams' claim against Ryder is clearly and unambiguously excluded from coverage. Ryder maintains that by virtue of the issuance of a certificate naming it an additional insured under the policy [Exhibit E] and because Williams was not its employee, coverage is provided by the policy. Ryder acknowledges that at first blush the holding by the Mississippi Supreme Court in *Benton v. Canal Ins. Co.*, 241 Miss. 493, 130 So.2d 840 (1961), is controlling authority to the contrary.

In *Benton*, Benton, the employee of Stubbs, a steel-hauler under contract with Mississippi Steel Corporation (Miss. Steel), was injured on the premises of Miss. Steel as the result of negligence by a Miss. Steel employee while performing his job for Stubbs. Stubbs had secured auto liability insurance from Canal Insurance Company covering liability to third parties. The insurance excluded coverage to Stubbs' employees. Benton sued Miss. Steel and the negligent employee. Miss. Steel's employee called upon Canal for protection as an additional insured under the policy issued to Stubbs. The Mississippi Supreme Court, relying heavily upon the Texas case, *Transport Insurance Co. v. Standard Oil Co. of Texas*, 161 Tex. 93, 337 S.W.2d 284 (1960), held that:

> [N]o employee of the named insured engaged in the named insured's business can recover on the named insured's policy against anyone included as an additional insured.

*Id.*, at 847.

Ryder contends that the employee exclusion does not apply to liability assumed by the insured under an insured contract. According to Ryder, the Truck Lease and Service Agreement (TLSA) between it and Scholastic is such a contract. In addition, Ryder contends differences in the "separability of insureds" provisions of the Centennial policies, as contrasted with the provisions in *Benton*, take this case outside *Benton*'s holding. Ryder points out that the Texas decision, *Transport Ins. Co. v. Standard Oil Co. of Texas*, 161 Tex. 93, 337 S.W.2d 284, 288 (1960), relied upon heavily in *Benton*, was subsequently overruled by the Supreme Court of Texas because the earlier decision "... failed to give proper emphasis to the severability of interests clause." *Commercial Standard Ins. Co. v. American General Ins. Co.* 455 S.W.2d 714, 719 (Tex.1970).

The operative provision in the Business Auto Policy is:

> E. "INSURED" means any person or organization qualifying as an insured in the WHO IS AN INSURED provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

The provisions in the Commercial General Liability policy are:

> 7. SEPARATION OF INSUREDS.
>
> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
>
> a. As if each Named Insured were the only Named Insured; and
>
> b. Separately to each Insured against whom claim is made or "suit" is brought.

There is no contention that Ryder is not an "insured" pursuant to the terms in the "WHO IS AN INSURED" provision in the policy. Nor is there any claim that under the provision "SEPARATION OF INSUREDS," Ryder is not entitled to the same rights enjoyed by Scholastic or any other additional insured against whom a suit is brought. The argument advanced by Ryder would have this court construe these provisions of the policy as if there were no exclu-

sionary provisions applicable to additional insureds. If that were the case, Scholastic, also falling within the definition of "insured," would be entitled to coverage from a suit brought against it by an employee, despite the exclusions. Or, all additional insureds would have greater coverage than that provided the named insured. This construction of the policy urged by Ryder is patently inconsistent with the clear and unambiguous terms of the policy.

Ryder further argues that a Cross–Liability Endorsement (which does not appear included in the Stipulation of Facts but the terms of which Centennial does not dispute) supports its argument. The Endorsement states:

*CROSS LIABILITY ENDORSEMENT*

IN THE EVENT OF CLAIMS BEING MADE BY REASON OF BODILY INJURY ... SUFFERED BY ONE INSURED COVERED HEREIN IS OR MAY BE LIABLE, (sic) THIS POLICY SHALL COVER SUCH INSURED AGAINST WHOM A CLAIM IS MADE OR MAY BE MADE IN THE SAME MANNER AS IF SEPARATE POLICIES HAD BEEN ISSUED TO EACH INSURED COVERED HEREIN. NOTHING STATED HEREIN SHALL OPERATE TO INCREASE THE COMPANY'S LIMIT OF LIABILITY.

The endorsement is not a model of construction and clarity, but its obvious meaning is that a claim for bodily injury by one insured against another insured is covered under the policy. Guy Williams is not an insured and suit against Ryder does not provide the occasion to invoke the cross-liability endorsement.

The arguments advanced by Ryder ignore the overriding duty of this court under *Erie* to follow the decisions of the Mississippi Supreme Court. The fact remains that *Benton* has not been overruled in Mississippi and has been given full effect in this court. *See, Preferred Risk Mutual Ins. Co. v. Poole*, 411 F.Supp. 429, 433 (N.D.Miss.1976). Moreover, the reasoning underlying the holding of *Benton* remains persuasive. If Ryder's arguments were accepted, Ryder, an additional insured under Scholastic's policy, would be entitled to coverage not available to Scholastic. To paraphrase the *Benton* court, it seems strange that Ryder should claim more protection under the policies than Scholastic, the named insured who paid for the policies, could claim for itself. 130 So.2d at 846. As in *Benton,* what Ryder would have this court do here is construe the words "any employee of the insured" as they appear in the clause of the policy to mean "any employee of the insured against whom liability is sought to be imposed." *Id.* As the *Benton* court succinctly put it, "This we cannot do." *Id.*

Centennial is entitled to summary judgment in its favor and against defendant Ryder declaring that it has no obligation to defend Ryder in the underlying *Williams* action referred to above. Centennial is further entitled to judgment in its favor and against Ryder on Ryder's counterclaim. .

## ATTORNEY FEES

Centennial has asked for reimbursement of $24,925.43 in attorney fees and has attached to the memorandum in support of its Motion for Summary Judgment the affidavit of Al Roberts, Senior Claims Representative for Atlantic Mutual Insurance Company, the adjustor for Centennial, to the effect that **Atlantic** is responsible for payment of Centennial's fees in this case and that **Atlantic** has thus far expended the sum of $24,-915.43. Centennial has no standing in this action to recover attorney fees which may have been incurred by Atlantic.

Furthermore, in Mississippi a prevailing plaintiff is not entitled to recover attorney fees in the absence of an award of punitive damages and where there is no applicable statute or contractual provision allowing an award of attorney fees. *Boling v. A–1 Detective & Patrol Service, Inc.*, 659 So.2d 586 (Miss.1995).

Plaintiff's request for attorney's fees and costs will therefore be denied.

A Final Judgment shall issue consistent with this Opinion.

*FINAL JUDGMENT*

In accordance with the Opinion entered this day, the parties in the above entitled action having consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), it is

ORDERED AND ADJUDGED:

1. That plaintiff's Motion for Summary Judgment [14] be, and it is hereby, **GRANTED.**

2. That defendant's cross Motion for Summary Judgment [16] be, and it is hereby, denied.

3. That plaintiff Centennial Insurance Company has no obligation to defend and indemnify Ryder Truck Rental, Inc. in the separate action now pending before this court, *Williams v. Ryder Truck Rental, Inc., et al,* Cause No. 2:95CV62–D–B.

4. That plaintiff Centennial Insurance Company is entitled to judgment in its favor and against Ryder Truck Rentals, Inc. on Ryder's counterclaim, and that all of Ryder's counterclaims be, and are hereby, dismissed with prejudice.

5. That Centennial's request for attorney fees be, and is hereby, denied.

6. That this action be, and it is hereby, dismissed, with each party to bear its own costs.